

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LEVELLE, INC
Vs.
SCOTTSDALE INSURANCE COMPANY

C.A. No.     2006 CA 004215 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge NEAL E. KRAVITZ
Date:   June 1, 2006
Initial Conference: 9:30 am, Friday, September 01, 2006
Location:   Courtroom 415
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

RECEIVED

JUN - 7 2006

CLAIMS LEGAL

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
FOR THE DISTRICT OF COLUMBIA

LEVELLE, INC., d/b/a COACH & IV
RESTAURANT, d/b/a Club U
2000 14th Street, N.W.
Washington, D.C. 20009

v.

SCOTTSDALE INSURANCE COMPANY

Serve: CT Corporation
1015 15th Street, N.W., 10th Floor, Suite 1000
Washington, D.C. 20005

              Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

0004215-06

Civil Action No.: _____

RECEIVED

JUN - 7 2006

CLAIMS LEGAL

## DEFENDANT'S LEVELLE, INC.'S COMPLAINT FOR DECLARATORY RELIEF

COMES NOW the Plaintiff, Levelle, Inc., by and through counsel, Andrea M. Bagwell and David W. Wilmot, and move this Honorable Court for a declaration that Scottsdale Insurance Company owes a duty to defend and duty of indemnification under its policy of insurance to Levelle, Inc. (a.k.a. Coach & IV Restaurant) for the events set forth herein, and in support thereof states as follows:

1. Levelle, Inc. is in the business of being a restaurant and is owned and operated by Paul Gwynn, Warren Williams, Sr. and Warren Williams, Jr.

2. Levelle, Inc. has its sole place of business in the District of Columbia and is licensed to conduct such business in the District of Columbia.

3. Scottsdale Insurance Company (hereinafter "Scottsdale") is licensed to do business in and is permitted to sell insurance to entities such as Levelle, Inc. in the District of Columbia and acted in part through, All Risks Limited, as broker, and Howard W. Phlllips & Company, as retail agent, of Scottsdale and also acted as agents and/or brokers for Levelle, Inc.

4. All Risks Limited and Howard W. Phillips & Company are licensed insurance brokers and are licensed agents of Scottsdale Insurance Company. These agents and/or brokers solicit, procure and otherwise do business in the District of Columbia.

5. By the laws and regulations of the District of Columbia and its agencies or departments, entities such as Levelle, Inc. are required to have general liability insurance coverage as well as coverage for dram shop related liability.

6. The rules, laws, regulations and policies of the District of Columbia are incorporated into every policy of insurance sold.

7. On or about May 6, 2004, Levelle, Inc., by and through its agents and employees (hereinafter collectively known as "Levelle, Inc."), procured a general commercial liability policy, Policy No. CPS0624508 ("the 2006 Policy), effective from 4-7-04 to 4-7-05, from Scottsdale Insurance Company in the amount of $1,000,000.00 per occurrence and $2,000,000.00 in the aggregate. Upon information and belief, Levelle, Inc. requested, among other things, insurance which would be in compliance with the requirements of the District of Columbia liquor liability laws.

8. Pursuant to the Commercial General Liability Coverage Form CG 00 01 10 01, Section 1, Coverage A (1) Bodily Injury And Property Damage Liability, Paragraph 1 (Insuring Agreement) of the Policy that Scottsdale issued to Levelle, Inc. Scottsdale has a duty to defend Levelle, Inc. against any suit seeking damages for bodily injuries, and a duty to indemnify Levelle, Inc. for any damages for bodily injuries for which insurance coverage exists.

9. On or about February 13, 2005, Defendant Terrence Brown was fatally stabbed at the Reeves Center, a Municipal building owned by Defendant District of Columbia that is monitored and guarded by Defendant District of Columbia's Protective Services officers.

10. In 2005, the Plaintiff, The Estate of Terrence Brown, filed a survival and wrongful death action against the District of Columbia (Civil Case No.: 2005-CA-004499B). On or about January 10, 2006, the Plaintiff, The Estate of Terrence Brown, filed an Amended Complaint naming Levelle, Inc. as a party defendant in the case and alleging that Levelle, Inc. failed to supervise its employees or agents, failed to properly train its employees or agents, and as a result negligently caused the death of Terrence Brown, whom it alleges was stabbed while a patron of Club U which is a restaurant owned by Levelle, Inc. The Plaintiff further alleged that Levelle, Inc. owed a duty of care to their patrons to protect against harm. The Plaintiff alleged that Levelle, Inc. breached this duty of care owed to Terrence Brown by inadequately staffing and supervising security personnel at the Reeves Center and at Club U, despite the heightened foreseeability of violent criminal attacks by Club U

3

patrons. The Plaintiff also alleged that Levelle, Inc. further breached its duty

of care owed to Terrence Brown when employees allowed patrons to enter

Club U without being searched for weapons. The Plaintiff alleged that as a

result of the negligent actions of both the District of Columbia and Levelle,

Inc., Terrence Brown was fatally stabbed on Defendant's premises and died.

11. The Policy issued to Levelle, Inc. was in full force and effect at the time of the

incidents alleged herein and in the underlying Complaint, and the Policy was

subject to certain requirements, including but not limited to, an implied and

continued covenant of good faith, good conduct, fair dealing, fidelity and

competency of Scottsdale's agents to ensure that Levelle, Inc. was properly

insured in connection with its business dealings and those of its agents.

12. The Policy was to be issued in conformance with the statutes, laws and rules

of the District of Columbia, including but not limited to, dram shop liability.

13. Despite its duty and obligation under the Policy issued to Levelle, Inc., and

the dram shop laws of the District of Columbia, Scottsdale issued a policy which

it now claims does not cover the acts and omissions of Levelle, Inc. involving

assault and/or battery committed by anyone, or negligent hiring, training or

supervision of Levelle Inc.'s employees or agents involving claims relating to

assault and/or battery, including the claims of The Estate of Terrence Brown in

the underlying Complaint.   Specifically in correspondence sent to Levelle, Inc.

dated February 27, 2006, Scottsdale asserted that: **Commercial General Liability**

**Coverage Form CG0001 (10-01), which reads in part:**

> **Section I – Coverage: Bodily Injury and Property Damage Liability**
> **1.   Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate and "occurrence" and settle any claim or "suit" that may result.

## SECTION V – DEFINITIONS

3.  "Bodily injury" means bodily injury, sickness or disease sustained by persons, including death resulting from any of these at any time.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Property damage" means:

a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property. As used in this definition, electronic data means information, facts, or programs stored as or on, created or5 used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

We also refer you to the following Endorsements which apply to this matter:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

ASSAULT AND/OR BATTERY EXCLUSION – GLS-227s (04/00)

This insurance does not apply to "injury, "Bodily injury," "Property Damage" or "Personal and Advertising Injury" ("Personal Injury" or "Advertising Injury") arising from:

1.  Assault and/or Battery committed by any insured, any employee of any insured, or any other persons;

2.  Failure to suppress or prevent Assault and/or Battery by any person in 1 above;

3.  The negligent:
    a.  Employment
    b.  Investigation
    c.  Supervision
    d.  Reporting to the proper authorities, or failure to so report; or
    e.  Retention
        Of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1 or w above; or

4.  The selling, serving or furnishing of alcoholic beverages

5

TOTAL LIQUOR LIABILITY EXCLUSION – GLS 105s(05/93)
This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
Exclusion c. in SECTION I, COVERAGE A, is deleted in its entirety and replaced with the following:

c.     "Bodily injury" or "property damage" for which any insured or his Indemnitee may be held liable by reason of:

(1)     Causing or contributing to the intoxication of any person
(2)     The furnishing of alcoholic beverages to a person under the legal drinking age;
(3)     The furnishing of alcoholic beverages to anyone under the influence of alcohol; or
(4)     Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

13. Based on the above-referenced provisions, Defendant, Scottsdale Insurance Company, made a determination that "There is no coverage for the allegations pled in the [Plaintiff's] Amended Complaint because they are specifically excluded by the above-cited Endorsements. In these circumstances, at this time, Scottsdale Insurance Company respectfully disclaims coverage for this matter. We will not participate in the defense or indemnification for this claim."

14. Under the Policy that Scottsdale issued to Levelle, Inc., Levelle, Inc. paid a total premium in the amount of $6,753.00 for Commercial Crime Coverage, Commercial General Liability Coverage, Commercial Property Coverage, Spoilage Coverage and Terrorism Coverage, as set forth in the Common Policy Declarations, CPS-D-1 (11/95).

15. The Common Policy Declarations page of the Policy contains the statement "Forms applicable to all Coverage Parts: See UTS-2g(3/92) – ATTACHED". Form UTS-2g(3/92) contains a provision concerning correction of the policy to add Terrorism Forms in consideration of Levelle, Inc.'s payment of a premium in the amount of $692. The bottom of the Common Policy

Declarations page also states "THIS COMMERCIAL PACKAGE DECLARATIONS AND THE SUPPLEMENTAL DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORMS(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY".

16. The Commercial General Liability Coverage Form Part Supplemental Declarations page (CLS-SD-1(2-92) of the Policy contains the statement "FORMS AND ENDORSEMENTS (other than applicable forms and endorsements shown elsewhere in the policy)". It then provides that "Forms and endorsements applying to this Coverage Part and made part of this policy at time of issue: See UTS-2g(3/92) – ATTACHED". The bottom of the Commercial General Liability Coverage Part Declarations page also states "THIS SUPPLEMENTAL DECLARATIONS AND THE COMMERCIAL LIABILITY DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORMS(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY".

17. The SCHEDULE OF FORMS AND ENDORSEMENTS, UTS-SP-2(12-95), page of the Policy lists a number of forms and endorsements, which include Endorsements for Total Liquor Liability Exclusion, GLS-106S(5/93), and an Assault and/or Battery Exclusion, GL-227S(4/00), but does not specify which forms and endorsements apply to the Commercial General Liability Coverage. Although Endorsements for the Total Liquor Liability Exclusion, GLS-106S(5/93), and the Assault and/or Battery Exclusion, GL-227S(4/00) are

attached to the Policy, the Policy is ambiguous as to whether these Exclusions are applicable to the Commercial General Liability Coverage purchased by Levelle, Inc.

18. . The Endorsement for Total Liquor Liability states that the endorsement modifies insurance provided under the "Commercial General Liability Coverage Form." **It further provides as follows:** *The Exclusion c. in SECTION I, COVERAGE A, is deleted in its entirety and replaced with the following:*

   a.   *"Bodily injury" or "property damage" for which any insured or his Indemnitee may be held liable by reason of:*
      *(1)   Causing or contributing to the intoxication of any person*
      *(2)   The furnishing of alcoholic beverages to a person under the legal drinking age;*
      *(3)   The furnishing of alcoholic beverages to anyone under the influence of alcohol; or*
      *(4)   Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.*

19. The Endorsement for Total Assault and/or Battery states that the endorsement changes the Policy. **It further provides as follows:**

*This insurance does not apply to "injury, "Bodily injury," "Property Damage" or "Personal and Advertising Injury" ("Personal Injury" or "Advertising Injury") arising from:*

5.   *Assault and/or Battery committed by any insured, any employee of any insured, or any other persons;*
6.   *Failure to suppress or prevent Assault and/or Battery by any person in 1 above;*
7.   *The negligent:*
   *a.   Employment*
   *b.   Investigation*
   *c.   Supervision*

8

    **d.**  *Reporting to the proper authorities, or failure to so report; or*
    **e.**  *Retention*
        *Of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1 or 2 above; or*

**8.**  *The selling, serving or furnishing of alcoholic beverages.*

20. The Endorsements for the Total Liquor Liability Exclusion and the Total Assault and/or Battery Exclusion relied upon by Scottsdale to deny coverage to Levelle, Inc., to defend and indemnify it against claims of the type contained in the underlying Complaint are ambiguous and thus inapplicable to the Policy in that no where in the Policy is it expressly specified that the Endorsements are applicable to the insurance coverage provided to Levelle, Inc., and there are relevant and material omissions of information in the Endorsements in question to support Levelle, Inc.'s claim that they are not part of the Policy. The Endorsements for the Total Liquor Liability and Assault and/or Battery Exclusions do not contain (1) the number of the Policy in the space provided in response to the statement "Attached To And Forming A Part Of Policy Number", (2) the endorsement effective date, (3) the name of the insured, (4) the name of the insurance agent/ broker or the agent number, and (5) the signature of an authorized representative of the insurance company and the date.

21. Levelle, Inc.'s claim that the Endorsements for the Total Liquor Liability Exclusion and the Total Assault and/or Battery Exclusion attached to the Policy that Scottsdale issued to Levelle, Inc., for the period from 4/7/04 to 4/7/05 are inapplicable to said Policy is supported by the insurance policy (hereinafter the "2006 Policy) that Scottsdale issued to Levelle, Inc. for the

period from 4/7/05 to 4/7/06. Under the 2006 Policy, Levelle, Inc. has Commercial General Liability Coverage.

22. The Common Policy Declarations page, OPS-D-1 (12-00), of the 2006 Policy contains the statement "Forms and Endorsement(s) made a part of this policy at time of issue: SEE SCHEDULE OF FORMS AND ENDORSEMENTS". The bottom of the Common Policy Declarations page also states "THIS COMMON POLICY DECLARATIONS AND THE SUPPLEMENTAL DECLARATIONS, TOGETHER WITH COMMON POLICY CONDITIONS, COVERAGE PART(S), COVERAGE FORMS(S) AND FORMS AND ENDORSEMENTS, IF ANY, COMPLETE THE ABOVE NUMBERED POLICY".

23. The SCHEDULE OF FORMS AND ENDORSEMENTS attached to the 2006 Policy contains a list of forms and endorsements that are applicable to said Policy, which includes the same Endorsement for the Total Liquor Liability Exclusion as the one attached to the 2005 Policy. The 2006 Policy does not contain an Endorsement for the Assault and/or Battery Exclusion. In addition, the Endorsement for the Total Liquor Liability Exclusion contained in the 2006 Policy expressly contains (1) the number of the Policy in the space provided in response to the statement "Attached To And Forming A Part Of Policy Number", (2) the endorsement effective date, (3) the name of the insured, and (4) the agent number.

24. The Schedule of Forms and Endorsements attached to the 2006 Policy standing alone unambiguously reflects which forms and endorsements

attached to the Policy are applicable to said Policy, and it clearly reflects that the Endorsement for the Total Liquor Liability Exclusion is applicable to the Policy. The Endorsement for the Total Liquor Liability Exclusion contained in the 2006 Policy also standing alone unambiguously reflects that said Exclusion is applicable to said Policy, despite the fact that the signature of an authorized representative of the insurance company and the date is not included therein.

25. Scottsdale's revisions to both the Common Policy Declarations page, OPS-D-1 (12-00), and the Endorsement for the Total Liquor Liability Exclusion contained in the 2006 Policy evidences that Scottsdale recognized, sometime after the events that gave rise to the underlying Complaint, that there existed an ambiguity in the 2005 Policy with respect to which forms and endorsements attached to that Policy are applicable to Levelle, Inc.'s coverage that it sought to remedy in the 2006 Policy.

26. Pursuant to the Commercial General Liability Coverage Form CG 00 01 10 01, Section 1, Coverage A Bodily Injury And Property Damage Liability, Paragraph 2(c ) (Exclusions) of the Policy that Scottsdale issued to Levelle, Inc., coverage is excluded for "bodily injury" resulting from liquor liability on the part of Levelle, Inc. **Specifically, the exclusion provision for liquor liability provides, in pertinent part, as follows:** *"Bodily Injury" for which any insured may be held liable by reason of :*

   *a. Causing or contributing to the intoxication of any person;*

11

> ***b.  The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or***
>
> ***c.  Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.***
>
> ***This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.***

27. The above-cited exclusion of coverage for "bodily injury" resulting from liquor liability on the part of Levelle, Inc. contained in the Commercial General Liability Coverage Form CG 00 01 10 01, Section 1, Coverage A Bodily Injury And Property Damage Liability, Paragraph 2(c ) (Exclusions) of the Policy that Scottsdale issued to Levelle, Inc., is inapplicable to the facts and circumstances of this case because there is no allegations in the underlying Complaint involving the sale, distribution or use of liquor by any Plaintiff or Defendant in the underlying action.

28. Even assuming that the Endorsement for the Total Liquor Liability Exclusion contained in the 2005 Policy were found to be applicable to said Policy, said endorsement is, nevertheless, inapplicable to the facts and circumstances of this case because there is no allegations in the underlying Complaint involving the sale, distribution or use of liquor by any Plaintiff or Defendant in the underlying action and the provision violates public policy in the District of Columbia.

29. Even assuming that the Endorsement for the Assault and/or Battery Exclusion contained in the 2005 Policy were found to be applicable to said Policy, said

endorsement is, nevertheless, inapplicable to the facts and circumstances of this case because there is no allegations in the underlying Complaint that the alleged negligent hiring, supervision and training of employees by Levelle, Inc. that allegedly resulted in the fatal stabbing of Terrence Brown involved the conduct of "a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1 or 2 . . . " in said Endorsement, and the provision violates public policy in the District of Columbia.

30. Furthermore, in the alternative, Scottsdale would be liable to Levelle, Inc. because of the wrongful actions of its employees and/or agents in soliciting and procuring the insurance business of Levelle, Inc. Upon information and belief, said solicitation and procurement of Levelle, Inc.'s insurance business by Scottsdale's employees and/or agents was made with the full knowledge and understanding that Levelle, Inc. was a restaurant operating in the District of Columbia that also, in some part, sold, handled, distributed or otherwise disposed of alcohol beverages on the premises. Specifically, Scottsdale would be liable to Levelle, Inc. on alternative theories of recovery, including, but not limited to, fraud in the inducement, constructive fraud, breach of contract, equitable estoppel, breach of duty to procure and provide insurance coverage in conformance with applicable laws, failure to notify an insured of coverage and/or coverage change, and negligent misrepresentation of the policy of insurance.

31. Despite knowledge of the nature of the Levelle, Inc. business, Scottsdale, through its employees and/or agents, sold a policy of insurance to Levelle, Inc. and collected premiums in excess of $6,700, which Scottsdale not claims does not cover the events of February 13, 2005 alleged in the underlying Complaint or the claims made by the Plaintiffs herein.

32. If Scottsdale's assertions are determined by this Court to be correct, Scottsdale, through its employees and/or agents, committed malpractice because of errors and omissions by them which induced Levelle, Inc. to purchase a policy of insurance from Scottsdale that was not in conformance with the express wishes of Levelle, Inc. or in conformance with the laws of the District of Columbia.

33. Furthermore, Scottsdale, through its employees and/or agents would be liable under alternative theories of recovery, including by not limited to breach of contract, breach of duty to procure proper and full coverage, failure to notify the insured, Levelle, Inc., of the lack of coverage, failure to comply with the expressed intent of its insured as to its insurance needs, fraud in the inducement, constructive fraud, equitable estoppel, negligence misrepresentation, and other errors and omissions.

WHEREFORE, the Plaintiff, by counsel, respectfully request that this Honorable Court deem, determine, adjudicate and order that:

14

1.    the so-called "Liquor Liability" exclusion provision of the policy is
      inapplicable to the facts and circumstances set forth in the underlying
      Complaint and/or is against the public policy of the District of Columbia;

2.    the "Assault and/or Battery" exclusion provision of the policy is
      inapplicable to the facts and circumstances set forth in the underlying
      Complaint;

3.    the 2005 Scottsdale Policy issued to Levelle, Inc., provides for coverage in
      the form of a duty to defend and indemnification to Levelle, Inc. based on
      the causes of action stated in the underlying Complaint and the claims of
      the Plaintiffs herein and other theories as may be advanced or learned
      through the course of discovery and trial of this cause;

4.    indemnification by Scottsdale Insurance Company, in the amount of two
      million dollars per accident or claimant, of the claims of the Plaintiff in the
      underlying action, in the event Levelle, Inc. is found liable to the Plaintiff,
      is required under the 2005 policy of insurance issued to Levelle, Inc. under
      theories stated herein or other such theories as may be learned or advanced
      through the course of discovery and trial in this matter; and

5.    for such further relief as this Court deems appropriate.


                        Respectfully submitted,

                        HARMON, WILMOT & BROWN, LLP


                        Andrea M. Bagwell, Esquire
                        D.C. Bar No 434943


                                                                        15

1010 Vermont Avenue, N.W., Suite 810
Washington, D.C. 20005
Phone: (202) 783-9100
Fax: (202) 783-9103

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

LEVELLE, INC.,

      Plaintiff,

    v.

SCOTTSDALE INSURANCE COMPANY,

      Defendant.

Civil Case No.: 4215-06



## SCOTTSDALE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Scottsdale Insurance Company ("Scottsdale"), by counsel, CARR MALONEY P.C., hereby responds to plaintiff's Complaint as follows:

1.     Defendant is without knowledge of information sufficient to form a belief as to the allegations contained in paragraph 1 of plaintiff's Complaint. Furthermore, paragraph 1 contains jurisdictional allegations to which no answer is required. To the extent an answer is required, defendant denies and demands strict proof of the allegations contained therein.

2.     Defendant is without knowledge of information sufficient to form a belief as to the allegations contained in paragraph 2 of plaintiff's Complaint. Furthermore, paragraph 2 contains jurisdictional allegations to which no answer is required. To the extent an answer is required, defendant denies and demands strict proof of the allegations contained therein.

3.     The allegations contained in paragraph 3 of plaintiff's Complaint contains jurisdictional allegations to which no answer is required. In addition, paragraph 3 contains legal conclusions to which no answer is required. To the extent an answer is required, defendant denies the truth of these allegations, except that Scottsdale admits that it does business in the District of Columbia, not as a licensed carrier, but as a surplus lines carrier. Scottsdale denies that Howard &.

Phillips & Company is its agent.

4.    The allegations contained in paragraph 4 of plaintiff's Complaint contain jurisdictional allegations to which no answer is required. In addition, paragraph 4 contains legal conclusions to which no answer is required. To the extent an answer is required, defendant denies the truth of these allegations contained in paragraph 4, except to state that upon information and belief, All Risks is a licensed broker. Scottsdale denies that Howard W. Phillips & Company is its agent.

5.    Paragraph 5 contains legal conclusions to which no answer is required. To the extent an answer is deemed to be required, defendant denies the truth of these allegations.

6.    Defendant denies the allegations in paragraph 6 of the Complaint.

7.    Defendant is without knowledge of information sufficient to form a belief as to the allegations contained in paragraph 7 of plaintiff's Complaint. To the extent an answer is required, defendant denies and demands strict proof of the allegations contained therein, except that Scottsdale admits that it issued a policy of insurance, Policy No. CPS 0624508. Said policy speaks for itself.

8.    Defendant, upon information and belief, admits the allegations set forth in paragraph 8 of the Complaint.

9.    Defendant is without knowledge of information sufficient to form a belief as to the allegations contained in paragraph 9 of plaintiff's Complaint. Furthermore, paragraph 9 contains legal conclusions to which no answer is required. To the extent an answer is required, defendant denies and demands strict proof of the allegations contained therein.

10.    Defendant is without knowledge of information sufficient to form a belief as to the allegations contained in paragraph 10 of plaintiff's Complaint. To the extent an answer is required,

20060614-NOG-6 (answer to complaint)

2

defendant denies and demands strict proof of the allegations contained therein.

11.   Paragraph 11 contains legal conclusions to which no answer is required.  To the extent an answer is deemed to be required, defendant specifically denies that it is required to ensure that plaintiff is or was properly insured, and further generally denies the truth of these allegations, except to state that the policy referenced in paragraph 11 was in force on February 13, 2005.  Said policy speaks for itself.

12.   Paragraph 12 contains legal conclusions to which no answer is required.  To the extent an answer is deemed to be required, defendant denies the truth of these allegations.

13.   The allegations in paragraph 13 are denied, except to state that defendant Scottsdale sent correspondence to Levelle, Inc. dated February 27, 2006, which speaks for itself.

13. (sic)   The allegations in paragraph 13 are admitted upon information and belief.

14.   The allegations in paragraph 14 are admitted upon information and belief.

15.   The policy referenced in paragraph 15 is a written document, and such document speaks for itself.  The allegations in paragraph 15 are admitted upon information and belief.

16.   The policy referenced in paragraph 16 is a written document, and such document speaks for itself.  The allegations in paragraph 16 are admitted upon information and belief.

17.   The policy referenced in paragraph 17 is a written document, and such document speaks for itself.  Furthermore, paragraph 17 contains legal conclusions to which no answer is required.  To the extent an answer is required, defendant denies the truth of these allegations.

18.   The policy referenced in paragraph 18 is a written document, and such document speaks for itself.  The allegations in paragraph 18 are admitted upon information and belief.

19.   The policy referenced in paragraph 19 is a written document, and such document speaks for itself.  The allegations in paragraph 19 are admitted upon information and belief.

20060614-NOG-6 (answer to complaint)

20.    Paragraph 20 contains legal conclusions to which no answer is required.  To the extent an answer is deemed to be required, defendant denies the truth of these allegations.

21.    The allegations in paragraph 21 are denied.

22.    The policy referenced in paragraph 22 is a written document, and such document speaks for itself.  The allegations contained in paragraph 22 are admitted upon information and belief.

23.    The policy referenced in paragraph 23 is a written document, and such document speaks for itself.  The allegations contained in paragraph 23 are admitted upon information and belief.

24.    The policy referenced in paragraph 24 is a written document, and such document speaks for itself.  Paragraph 24 contains legal conclusions to which no answer is required.  To the extent an answer is deemed to be required, defendant denies the truth of these allegations.

25.    The allegations in paragraph 25 are denied.

26.    The policy referenced in paragraph 26 is a written document, and such document speaks for itself.  The allegations contained in paragraph 26 are admitted upon information and belief.

27.    Paragraph 27 contains legal conclusions to which no answer is required.  To the extent an answer is deemed to be required, defendant denies the truth of these allegations.

28.    Paragraph 28 contains legal conclusions to which no answer is required.  To the extent an answer is deemed to be required, defendant denies the truth of these allegations.

29.    Paragraph 29 contains legal conclusions to which no answer is required.  To the extent an answer is deemed to be required, defendant denies the truth of these allegations.

30.    Paragraph 30 contains legal conclusions to which no answer is required.  To the

extent an answer is deemed to be required, defendant denies the truth of these allegations.

31.    The allegations in paragraph 31 are denied except to state that Scottsdale sold a policy of insurance to Levelle, Inc., which does not cover the events of February 13, 2005 alleged in the underlying Complaint or the claims made by plaintiffs.

32.    Paragraph 32 contains legal conclusions to which no answer is required.  To the extent an answer is deemed to be required, defendant denies the truth of these allegations.

33.    Paragraph 33 contains legal conclusions to which no answer is required.  To the extent an answer is deemed to be required, defendant denies the truth of these allegations.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint is or may be barred, in whole or in part, by the applicable statute of limitations.

### THIRD DEFENSE

The Complaint is or may be barred, in whole or in part, by the applicable suit limitations in the Applicable Policy.

### FOURTH DEFENSE

The Complaint is barred, in whole or in part, because the injuries and damages alleged in the Complaint were caused by the conduct of those other than Scottsdale, including plaintiff, and/or other non-parties to this lawsuit over whom Scottsdale exercised no control and for whom Scottsdale had no liability.

20060614-NOG-6 (answer to complaint)

5

## FIFTH DEFENSE

The Complaint is barred, in whole or in part, in that plaintiff caused some or all of its claimed damages by its own actions, including, but not limited to, its failure to review the terms and conditions of the Applicable Policy.

## SIXTH DEFENSE

The Complaint is or may be barred, in whole or in part, by the doctrine of waiver.

## SEVENTH DEFENSE

The Complaint is or may be barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH DEFENSE

The complaint is or may be barred, in whole or in part, by the doctrine of laches.

## NINTH DEFENSE

The Complaint is or may be barred, in whole or in part, by the doctrine of unclean hands.

## TENTH DEFENSE

The Complaint is barred, in whole or in part, because Scottsdale is not liable to plaintiff for any costs incurred by plaintiff in connection with this action or in any other proceeding.

## ELEVENTH DEFENSE

Scottsdale will rely upon all terms and conditions of coverage, policy definitions, and all defenses and provisions of any policy of insurance which plaintiff alleges is the subject of this action.

## TWELFTH DEFENSE

Defendant fulfilled all obligations that existed to plaintiff.

## THIRTEENTH DEFENSE

The Complaint is barred, in whole or in part, because the damages alleged in the underlying

20060614-NOG-6 (answer to complaint)

6

lawsuit are specifically excluded under the provisions of the Applicable Policy.

## FOURTEENTH DEFENSE

Any damages or special damages incurred by plaintiff are the result of acts or omissions of plaintiff and its agent, Howard W. Phillips & Company in their failure to request the proper insurance coverage as part of the Applicable Policy prior to the time the Applicable Policy was issued, or at any time prior to the claim set forth in the lawsuit.

## FIFTEENTH DEFENSE

Any damages or special damages incurred by plaintiff are the result of acts or omissions of its agent, Howard W. Phillips &Company, in that Howard W. Phillips & Company was at all relevant times an independent agent acting on behalf of plaintiff in the provision of information to Scottsdale and in the request for the coverage provided to Scottsdale which formed the basis for the issuance of the Applicable Policy.

## SIXTEENTH DEFENSE

Scottsdale reserves the right to assert such additional defenses that may become available or apparent during the course of discovery and thus reserves the right to amend its Answer to assert such defenses.

## SEVENTEENTH DEFENSE

Defendant relies upon all defenses lawfully available to them, including but not limited to those previously asserted and contained herein.

## EIGHTEENTH DEFENSE

Defendant reserves the right to supplement this Answer at a later time.

## NINTEENTH DEFENSE

Defendant specifically denies each and every paragraph of the Complaint that alleges liability against this defendant.

Respectfully submitted,

CARR MALONEY P.C.

By: _____

William J. Carter, #325837

Mariana D. Bravo, #473809

1615 L Street, N.W., Suite 500

Washington, D.C. 20036

(202) 310-5500 (telephone)

(202) 310-5555 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer to Plaintiff's Complaint was mailed, postage pre-paid, on this 23 day of June , 2006 to:

Andrea M. Bagwell, Esquire

Harmon, Wilmot & Brown, LLP

1010 Vermont Avenue, N.W.

Suite 810

Washington, D.C. 20005

_____

William J. Carter

Mariana D. Bravo

20060614-NOG-6 (answer to complaint)

8