UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| LEVELLE, INC. d/b/a COACH, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No.: 1:06cv1203 |
| | : | |
| SCOTTSDALE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## REPORT PURSUANT TO LOCAL RULE 16.3

All parties to this matter, by their respective attorneys, file this report pursuant to Local Civil

Rule 16.3.

1.      Dispositive Motion

The parties believe this case is not likely to be disposed of by dispositive motion without

further discovery, however, they reserve the right to file dispositive motions.

2.      Other Parties

Other parties may be joined.  Some factual issues may be agreed upon and narrowed.

3.      Assignment to Magistrate Judge

The parties do not request that this case be assigned to a Magistrate Judge at this time.

4.      Settlement

The parties will require some discovery before they can determine whether settlement is

feasible in this case.

5.      Alternative Dispute Resolution

The parties may want to take advantage of the Court's ADR procedures, but before doing so

would like to make an attempt to resolve this dispute on their own.  ADR should take place after the

20060728-NOG-8 (Rule 16 report)

completion of discovery, or earlier if the parties request.

6.    Motions

The Plaintiff intends to argue in a dispositive motion that Defendant had a duty to defend under the contract and failed to do so. Defendant intends to argue in a dispositive motion that there is no evidence of a breach of contract by defendant.   Defendant may make additional arguments depending on what is revealed through discovery.

7.    Mandatory Disclosures

The parties shall provide the initial disclosures required by F.R.C.P. 26(a)(1).

8.    Discovery

The parties have not yet exchanged written discovery requests and request a Scheduling Order be entered in this matter that provides for the following:  plaintiff's expert designations are due March 15, 2007, defendant's expert designations are due April 15, 2007; and a discovery deadline of May 15, 2007.  No limits should be placed on discovery, and a protective order is not appropriate for this case based on the facts known to date.

9.    Expert Witness

The parties believe that the requirements of F.R.C.P. 26(a)(2) should not be waived.

10.    Class Action

N/A

11.    Bifurcation

Neither the trial nor discovery should be bifurcated or managed in phases at this time. Defendant may want the trial bifurcated, depending on what is revealed through discovery.

12.    Pretrial Conference

The Scheduling Order to be entered in this case should have a date for a status conference after the discovery completion date.  At that status conference, the parties will be prepared to discuss their settlement efforts and whether ADR would be helpful in resolving the case.  A pretrial date should be set at said status conference.

13.    Trial Date

The Court should provide that a trial date will be set at the pretrial.


                                                      Respectfully submitted,

HARMON, WILMOT & BROWN, LLP          CARR MALONEY P.C.



_____/s/_____          _____/s/_____
Andrea M. Bagwell, #434943                    William J. Carter, # 329637
1010 Vermont Avenue, N.W.                     Mariana D. Bravo, #473809
Suite 810                                     1615 L Street, N.W., Suite 500
Washington, D.C.  20005                       Washington, D.C.  20036
(202) 783-9100 (telephone)                    (202) 310-5500 (telephone)
(202) 783-9103  (facsimile)                   (202) 310-5555 (facsimile)

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Rule 16.3 Report was e-filed on this 28th day of July, 2006 to:

> Andrea M. Bagwell, Esquire
> Harmon, Wilmot & Brown, LLP
> 1010 Vermont Avenue, N.W.
> Suite 810
> Washington, D.C.  20005

_____/s/_____
Mariana D. Bravo

**4**