UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

LEVELLE, INC. d/b/a COACH & IV RESTAURANT,

    Plaintiffs,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

Case No.: 1:06cv1203

## PLAINTIFF LEVELLE, INC.'S 26(A)(1) DISCLOSURES

TO:    Scottsdale Insurance Company
c/o William J. Carter, Esquire
Mariana D. Bravo, Esquire
**Carr Maloney, P.C.**
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
*Counsel for Defendant*

FROM:    Levelle, Inc. (t/a Coach IV Restaurant)
c/o Andrea M. Bagwell, Esquire
David W. Wilmot, Esquire
**Harmon, Wilmot & Brown, LLP**
1010 Vermont Avenue, N.W., Suite 810
Washington, D.C. 20005
*Counsel for Plaintiff*

## PLAINTIFF LEVELLE, INC.S RULE 26(A)(1) INITIAL DISCLOSURES

Plaintiff, Levelle, Inc., by and through counsel, Andrea M. Bagwell, Esquire, and David W. Wilmot, Esquire, Harmon, Wilmot & Brown, LLP, makes these initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Scheduling Order of the Court dated August 17, 2006.

## INTRODUCTION

The disclosures below reflect the information reasonably available to Levelle, Inc. at this preliminary stage of this action, before the completion of discovery and the deadline for amendment of pleadings. By making these disclosures, Levelle, Inc. makes no admission that this listing of persons, documents and damages is exhaustive Levelle, Inc. reserves the right to rely on, *inter alia,* documents or testimony that become relevant during the discovery or after the amendment of the parties' pleadings. Additionally, Levelle, Inc., reserves the right to object to the disclosure of any document or testimony on any ground including, but not limited to, the attorney-client privilege and the work-product doctrine.

### A. Individuals with Discoverable Information

1. The names, addresses (work and/or home), and telephone numbers (work and/or home) of individuals likely to have discoverable information that the Plaintiff may use to support its claims of defenses are:

    1. Warren C. Williams, Jr., owner of Levelle, Inc.; Home Address: 9612 East Bex Hill Dr., Kensington, Maryland, 20815; *Business Address*: 2000 14th Street, N.W., Washington, D.C. 20009.

    2. Paul D. Gwynn, owner of Levelle, Inc.; *Home Address*: 9811 Hill Street, Kensington, Maryland, 20895; *Business Address:* 2000 14th Street, N.W., Washington, D.C. 20009.

    3. Warren C. Williams, Sr., owner of Levelle, Inc.; Home Address: 9003 Levelle Drive, Chevy Chase, Maryland 20815; *Business Address*: 2000 14th Street, N.W., Washington, D.C. 20009.

    4. Janet E. Johnson, employee of Levelle, Inc.; Home Address: 1721 First Street, N.W.,

Washington, D.C. 20001; Business Address: 2000 14th Street, N.W., Washington, D.C. 20009.

5. Trevor Hewick, Investigator and Independent Contractor for Levelle, Inc.; Home Address: Not within Plaintiff's knowledge at this time; *Business Address:* 419 7th Street, N.W., Suite 401, Washington, D.C. 20004.

6. Jimmy Lee Parker, II, former security personnel of Levelle, Inc. as an Independent Contractor; Home Address: 1724 2nd Street, N.W., Washington, D.C. *(last known address)*; Business Address: Not within knowledge of the Plaintiff at this time.

7. Tyrone (Tyrell) Pittman, former security personnel of Levelle, Inc. as an Independent Contractor; *Home Address:* 1370 Rittenhouse Street, N.W., Washington, D.C. 20011; Business Address: Not within knowledge of Plaintiff at this time.

8. Cathi L. Bishop and Jeff Greene, Account Executive of Howard W. Phillips and Company.

9. Jeff Greene, Account Executive of Howard W. Phillips and Company.

10. Paula Brewis, Representative of All Risks, Ltd.

11. Sue Martinez, Scottsdale Insurance Company.

12. Larry Zuiker, Scottsdale Insurance Company.

13. R. Max Williamson, President, Scottsdale Insurance Company.

14. All representatives of Scottsdale who are signatories on the commercial liability insurance policies issued to Levelle, Inc., by Scottsdale Insurance Company from 2002 through 2006, and other representatives not yet identified having information related to this case.

15. All representatives of All Risks, Ltd. who are signatories on the commercial liability insurance policies issued to Levelle, Inc., by Scottsdale Insurance Company from 2002 through 2006, and other representatives not yet identified having information related to this case.

16. All representatives of Howard W. Phillips and Company not yet identified having information related to this case.

17. All police officers of D.C. Metropolitan Police Department involved in the investigation of the incident involving the death of Terrence Johnson and the arrest of the person accused of killing him.

18. Mr. Dibasi of the U.S. Attorney's Office and the prosecutor in the criminal case involving the death of Terrence Brown.

19. Plaintiff reserves the right to call additional witness at trial for purposes of impeachment and/or rebuttal who have not been identified in this pleading.

20. Plaintiff reserves the right to identify additional witnesses based on information discovered through ongoing discovery.

### B. Relevant Documents and Tangible Things

2. The following is a list of documents, data compilations, and/or tangible things in the Plaintiff's possession, custody or control, described by category and location, that Plaintiff may use to support its claims or defenses, all of which are in the possession of the Plaintiff and/or the Plaintiff's counsel unless otherwise stated below:

   1. The Commercial Insurance Policy (Policy No.CPS0624508) identified in the Complaint for the policy period from 4/7/04 to 4/7/05.

   2. The Letter from Howard W. Phillips and Company to Levelle, Inc. dated May 6, 2004 that accompanied Policy No. CPS0624508.

3. Levelle's Commercial Insurance Application for the period from 4/7/04 to 4/7/05.

4. The Commercial Insurance Policy (Policy No. CPS0685381) for the policy period from 4/7/05 to 4/7/06 (renewal of policy # CPS624508).

5. The Letter from Howard W. Phillips and Company to Levelle, Inc. dated May 17, 2005 that accompanied Policy No. CPS0685381.

6. Levelle's Commercial Insurance Application for the period from 4/7/05 to 4/7/06.

7. Levelle's Commercial Insurance Policies for the period from 4/7/02 to 4/7/04.

8. Letter from Levelle, Inc., notifying Scottsdale of the claim filed by the Estate of Terrence Brown against Levelle, Inc., and Requesting that Scottsdale defend it.

9. The Amended Complaint in lawsuit filed by the Estate of Terrence Brown in Civil Action No. 05-4499) naming Levelle, Inc. as an additional party defendant along with the District of Columbia and all other non-privileged documents relating to the lawsuit filed by the Estate of Terrence Brown.

10. Scottsdale's letter dated February 27, 2006 denying coverage for the damages sought by the Estate of Terrence Brown and refusing to defend or indemnify Levelle, Inc. for the claim by the Estate of Terrence Brown.

11. The Lease Agrerment and Settlement Agreement of 2004 between Levelle, Inc. and the District of Columbia.

12. Trevor Hewick's investigative report and accompanying documents related to the stabbing and death of Terrence Brown case.

13. All documents produced by the Defendant.

14. All documents obtained from Howard W. Phillips pursuant to a subpoena duces

tecum.

15. All documents obtained through further discovery in this case and in the underlying action and criminal proceeding involving the death of Terrence Brown.

16. All documents non yet identified in support of the Plaintiff's clam, unless privileged.

17. Diagram showing the layout of Levelle, Inc.s premises at the Reeves Center.

### C. Information Related to Calculation of Damages

3. The Plaintiff's calculation of damages includes an amount of at least $500,000 for Scottsdale's breach of its duty to defend it, plus reasonable attorney's fees, court costs and expenses associated with its defense of this lawsuit and the underlying action in the amount of approximately $250,000.00. All nonprivileged documents on which this computation is based have either been provided to the Defendant's counsel and/or are currently available for inspection and copying or will be available once discovery is completed in the underlying action and this case.

### D. Insurance

4. All insurance agreements required to be disclosed have been provided to the Defendant's attorney, with the exception of the Commercial Liability (Liquor Liability) Policy (Policy No. CL2232437C) issued by United States Liability Insurance Group, to Levelle, Inc. in the amount of $1,000,000 for each common cause limit and the aggregate limit for the period from 4/7/04 to 4/7/05 and the same will be provided to Defendant's attorney as part of its Supplemental Answer to the Defendant's Request for Production of Documents.

Respectfully submitted,

HARMON, WILMOT & BROWN, LLP

*(signature)*
Andrea M. Bagwell, Esq., D.C. Bar #434943
David W. Wilmot, Esq., D.C. Bar #214833
1010 Vermont Avenue, N.W., Suite 810
Washington, D.C. 20005
(202) 783-9100
(202) 783-9103 (Fax)

*Attorney for Plaintiff*

6

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing *Plaintiff Levelle, Inc.'s 26(A)(1) Initial Disclosures* was filed and mailed, postage prepaid, on this 15th day of November, 2006 to:

>William J. Carter, Esquire
>Mariana D. Bravo, Esquire
>**Carr Maloney, P.C.**
>1615 L Street, N.W., Suite 500
>Washington, D.C. 20036

Andrea M. Bagwell, Esq.