UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| LEVELLE, INC. d/b/a COACH, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Case No.: 1:06cv1203 |
| | : | |
| SCOTTSDALE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## SCOTTSDALE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

Scottsdale Insurance Company, ("Scottsdale"), by counsel, CARR MALONEY P.C, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Court to enter summary judgment in its favor.  As reasons in support of its Motion for Summary Judgment, Scottsdale respectfully refers the Court to the attached Memorandum of Points and Authorities. Scottsdale further requests that the Court grant any further relief the Court deems necessary.

Respectfully submitted,

CARR MALONEY P.C

By _____//s//_____
William Carter, DC Bar # 329637
Mariana D. Bravo, DC Bar #473809
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
(202) 310-5500
(202) 310-5555 fax

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that a true copy of the foregoing Scottsdale Insurance Co.'s Motion for Summary Judgment was sent via electronic filing on this 29th day of June, 2007 to:


Andrea M. Bagwell, Esquire
Harmon, Wilmot & Brown, LLP
1010 Vermont Avenue, N.W.
Suite 810
Washington, D.C.  20005



_____//s//_____
William Carter

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

LEVELLE, INC. d/b/a COACH, et al.,          :
                                            :
            Plaintiffs,                     :
                                            :
      v.                                    :     Case No.: 1:06cv1203
                                            :
SCOTTSDALE INSURANCE COMPANY,               :
                                            :
            Defendant.                      :

**SCOTTSDALE INSURANCE COMPANY'S**
**MEMORANDUM OF POINTS AND AUTHORITES**

Scottsdale Insurance Company ("Scottsdale"), by its counsel, CARR MALONEY P.C., respectfully moves this Court to enter summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure and for the reasons set forth below.

I.      PRELIMINARY STATMENT

Levelle, Inc. (a.k.a. Coach & IV Restaurant) (hereinafter "Levelle") purchased an insurance policy from Scottsdale that had a clear Assault and/or Battery Exclusion. Levelle now claims that such an exclusion is "ambiguous" and thus unenforceable. Levelle argues that, as such, it is entitled to coverage from Scottsdale for an assault and battery related claim, which occurred during the applicable policy period. Levelle, however, fails to provide any factual or legal support for its claim. Levelle further fails to identify any expert witness to support its contention. Summary judgment in favor of Scottsdale is, therefore, appropriate.

II.     PROCEDURAL HISTORY

On June 1, 2006 Levelle filed the instant action against Scottsdale in DC Superior Court.  On

June 28, 2006 Scottsdale removed the case to the United States District Court for the District of Columbia.  On August 17, 2006 this Court entered a Scheduling Order requiring that Levelle disclose its experts by March 15, 2007, Scottsdale by April 15, 2007, and that discovery close on May 15, 2007.  This Court later extended Levelle's expert disclosure to March 29, 2007.  The Court also granted a limited extension of time to June 18, 2007 to conduct depositions of Levelle representatives.  Levelle designated no expert to support its claim.  Scottsdale timely filed its expert designation.  Discovery has now closed.

III.    FACTUAL BACKROUND

Plaintiff Levelle owns and operates Club U in Washington, D.C., out of the Franklin D. Reeves Center at 14th and U Streets. (Complaint, ¶¶ 1, 10).  On or about May 6, 2004 Levelle procured a general commercial liability policy, Policy No. CPS0624508 (hereinafter "the Policy") from Scottsdale, effective April 7, 2004 through April 7, 2005.  (Complaint, ¶7, Insurance Policy No. CPS0624508, Exhibit A).  The Policy contained an "Assault and/or Battery Exclusion" (hereinafter "Exclusion") which states that:

> This insurance does not apply to "Injury," "Bodily Injury," "Property Damage" or "Personal and Advertising Injury" ("Personal Injury" or "Advertising Injury") arising from:
>
> 1.    Assault and/or Battery committed by any insured, any employee of any insured,    or any other person;
>
> 2.    The failure to suppress or prevent Assault and/or Battery by any person in 1. above;
>
> 3.    The negligent:
>
>     a.    Employment;
>     b.    Investigation;
>     c.    Supervision;

4

      d.     Reporting to the proper authorities, or failure to so report; or
      e.     Retention of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph 1 or 2 above. . .

(Assault and Battery exclusion, GLS-227-(4-00), Exhibit B).  The Exclusion is also referenced in the Policy's Schedule of Forms and Endorsements (hereinafter "Schedule"), which specifically references the Policy Number and applicable effective date.  (Schedule of Forms and Endorsements, UTS-SP-2 (12-95), Exhibit C).

On February 13, 2005 Terrence Brown was patronizing Club U when he was fatally stabbed. (Complaint, ¶9).  Mr. Brown's estate filed a survival and wrongful death action (hereinafter "the Underlying Action") against Levelle and other defendants, alleging that Levelle breached its duty of care to Mr. Brown by, inadequately staffing and supervising its security personnel at the Reeves Center and Club U.  (Complaint ¶ 10).  Mr. Brown's estate also alleges that Levelle failed to supervise its employees or agents, and failed to properly train its employees or agents resulting in the stabbing death of Mr. Brown.  *Id.*[1]

Levelle files the instant declaratory action seeking coverage for the Underlying Action under the Policy.  Coverage, however, is not available because of the explicit terms of the Exclusion.  As such, Scottsdale files the present Motion for Summary Judgment requesting that this matter be summarily dismissed.

---

[1] Levelle's Complaint also argues that Scottsdale and its agents engaged in various fraudulent and negligent activities related to the procurement of the Total Liquor Liability Exclusion.  Regardless of whether the Court was to find the Liquor Exclusion enforceable, it will necessarily hold that the Assault and/or Battery Exclusion provides for denial of coverage.  Therefore, any alternative claims asserted by Levelle are based on immaterial factual assertions and are therefore moot.

5

IV.     STANDARD OF REVIEW

Summary judgment is appropriate upon a finding that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C.Cir.1995). A genuine issue is one that could change the outcome of the litigation. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

All evidence and the inferences drawn from the evidence must be considered in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, if plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the ultimate burden of proof at trial", then summary judgment must be granted in favor of the defendant. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

Moreover, the nonmoving party may not rely on mere allegations, but "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita,* 475 U.S. at 587. By demonstrating the absence of evidence to support the nonmoving party's case, the moving party can show that there is no genuine issue as to any material fact, therefore entitling it to summary judgment. *Celotex*, 477 U.S. at 325.

The substantive law upon which a claim rests determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct 2525, 91L.Ed.2d. 202 (1986). If a fact bears upon an essential element of a legal claim or defense, it is material; otherwise, it is not.

*See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Farmland Inds. v. Grain Board of Iraq*, 904 F.2d 732, 736 (D.C.Cir.1990) (internal citations omitted). Only disputes over facts that can establish an element of the claim, and thus might affect the ultimate resolution, can create a "genuine issue" sufficient to preclude summary judgment. *See Celotex*, 477 U.S. at 322, 106 S.Ct. 2548; *see also Farmland Inds.*, 904 F.2d at 735-36.

V.     LEGAL ARGUMENT

      a.     THE  POLICY HAS AN UNAMBIGUOUS ASSAULT & BATTERY EXCLUSION

Levelle's position that the Assault and/or Battery Exclusion is ambiguous and thus not applicable to the Policy is not supported by the language of the Policy. (Assault & Battery ("A&B") Exclusion, GLS-227s (4-00), Exhibit B). Levelle admits in its Complaint that on April 7, 2004, Policy No.CPS0624508 took effect. (See Complaint generally). The Policy included an Assault and Battery Exclusion. (Assault & Battery ("A&B") Exclusion, GLS-227s (4-00), Exhibit B). The Policy also contained a Schedule for Forms and Endorsements ("Schedule") that referenced the above policy number. (Schedule of Forms and Endorsements, UTS-SP-2(12-95), Exhibit C). Listed clearly and unequivocally on the Schedule is the "Assault and/or Battery Exclusion." *Id*.

It is well established that "where insurance contract language is not ambiguous, summary judgment is appropriate because a written contract duly signed and executed speaks for itself and binds the parties without the necessity of extrinsic evidence." *Stevens v. United General Title Ins. Co.*, 801 A.2d 61 (D.C. 2002). Courts follow the guideline that "unless it is obvious that words which appear in an insurance contract are intended to be used in a technical connotation,

they will be given the meaning which common speech imports." *Pennsylvania Indemnity Fire Corporation v. Aldridge*, 117 F.2d 774, 775 (D.C.Cir.1941).    Moreover, the language in an insurance policy that is otherwise unambiguous is not deemed to be ambiguous "merely because the parties do not agree." *Byrd v. Allstate Ins. Co.*, 622 A.2d 691, 694 (D.C. 1993).  In this case, the terms of the Policy and the existence of the exclusions are unambiguous, thus proving that there is no genuine issue of material fact.

Levelle attempts to muddy the waters by maintaining that the actual Assault and/or Battery Exclusion attached to the Policy failed to contain the number of the Policy in the space provided, the endorsement effective date, the names of the insured, the name of the insurance agent or the signature of an authorized representative.  This is not required and is irrelevant. Indeed, plaintiff offers no support for its contention.  To the contrary, the only evidence offered in this case establishes that assault and battery exclusion forms need not contain any such information to be valid, enforceable and unambiguous.  (See Defendant's Expert Designation, Exhibit D).

A simple reading of the Policy as a whole reflects that Levelle's construction is unreasonable.  The assault and/or battery exclusion form attached to the policy is unambiguous and applicable to the policy.  The policy expressly and correctly excludes assault and/or battery coverage.  The Policy's Schedule, which references the policy, the insured's name, the applicable effective date and agent's number, properly references and incorporates the assault and/or battery exclusion endorsement, attached to and as part of the policy.  Levelle's assertion that it did not believe that the Exclusion applied to this Policy is untenable and unsupported.

      b.      T<small>HE</small>  E<small>XCLUSION</small> A<small>PPLIES TO THE</small> E<small>VENTS IN THE</small> U<small>NDERLYING</small> C<small>ASE</small>

The allegations in the Underlying Complaint clearly fall within what is excluded from coverage by the Policy. Levelle contends that even if the Court were to find that the Assault and/or Battery Exclusion is an unambiguous part of the Policy, the underlying Complaint makes no allegations of "negligent hiring, supervisions and training of employees by Levelle. Inc. that allegedly result in the fatal stabling of Terrence Brown." (Complaint, ¶29). Contrary to Levelle's assertions, the Underlying Complaint in fact explicitly references negligent hiring, training and supervision:

> 57. Defendants, as premises and business owners, owed a duty of care to their patrons to protect them against harm.

> 58. Defendants breached this duty owed to Terrence Brown by inadequately staffing and supervising security personnel at the Reeves Center and Club U, despite the heightened foreseeability of violent criminal attacks by Club U patrons.

> 59. Defendants further breached their duty of care owed to Terrance Brown when employees allowed patrons to enter Club U without being searched for weapons even after such patrons had set off Club U's metal detector upon walking through it. *Id.*

In determining when the duty to defend arises, the insurance policy must be compared with the allegations in the underlying Complaint. *See Interstate Fire & Cas. Co., Inc. v. 1218 Wisconsin, Inc.*, 136 F.3d 830 (D.C.Cir. 1998). The Court should "examine the complaint for all plausible claims encompassed within the complaint and to ascertain whether the allegations of the complaint state a cause of action within the policy coverage and give fair notice to the insurer that the insured is being sued upon an occurrence which gives rise to a duty to defend under the terms of the policy." *American Continental Insurance Co. v. Pooya*, 66 A.2d 1193, 1197 (D.C.1993). If the complaint alleges a liability not within the coverage of the policy, the

insurance company is not required to defend.

The Underlying Complaint clearly alleges Levelle's negligent hiring and supervision resulted in the stabbing death of Terrence Brown. (See Complaint generally). The Assault and/or Battery Exclusion clearly states that the insurance does not apply to the negligent employment, investigation or supervision of any person for whom any insured is or ever was legally responsible and whose conduct would be excluded by assault and/or battery committed by any insured or employee or insured or the failure to suppress or prevent assault and/or battery by any insured or employee of insured.  (Assault and Battery Exclusion, GLS-227s (4-00), Exhibit B). Thus, the inspection of the allegations in the Underlying Complaint and the language in the Assault and/or Battery Exclusion compel a conclusion that the Exclusion applies.

c.    LEVELLE HAS FAILED TO IDENTIFY ANY EXPERT WITNESS AND, THEREFORE, ITS CLAIM MUST FAIL

Levelle sets forth a myriad of allegations against Scottsdale.  (See Complaint generally). Levelle asserts that the endorsements for the total liquor liability exclusion and total assault and/or battery exclusion attached to the policy are inapplicable and ambiguous "in that no where in the Policy is it expressly specified that the Endorsements are applicable to the insurance coverage provided to Levelle." (Complaint, ¶20).  Levelle goes on to say that the endorsements for the assault and battery exclusions are ambiguous because they "do not contain (1) the number of the Policy and the space provided in response to this statement "Attached To And Forming A Part Of Policy Number", (2) the endorsement effective date, (3) the name of the insured, (4) the name of the insurance agency/broker or the agent number, and (5) the signature of an authorized representative of the insurance company and the date." (*Id*).  Levelle further makes claims that Scottsdale would

be liable to Levelle for "wrongful actions of its employees and/or agents in soliciting and procuring the insurance business of Levelle, Inc." *Id.* at 30. Levelle also alleges "alternative theories of recovery, including but not limited to, fraud in the inducement, constructive fraud, breach of contract, equitable estoppel, breach of duty to procure and provide insurance coverage in conformance with the applicable laws, failure to notify an insured of coverage, and/or coverage change, and negligent misrepresentation of the policy of insurance." (Complaint, ¶30).

To prove its case, Levelle is required to present expert testimony. While expert testimony is not necessary where the alleged negligent acts are "within the realm of common knowledge and everyday experiences," a plaintiff is required to put on expert testimony where the subject presented is so "distinctly related to some science, profession, or occupation as to be beyond the ken of the average lay person." *Matthews v. District of Columbia*, 387 A.2d 731, 734-35 (D.C. 1978); *District of Columbia v. Peters*, 527 A.2d 1269, 1273 (D.C. 1987). Furthermore, it is well established that under the law of the District of Columbia, if the applicable standard of care in a negligence action is "beyond the ken of the average layperson," then the plaintiff must establish that standard through the testimony of an expert. *Lenkin-N Ltd. P'ship v. Nace*, 568 A.2d 474, 477-478 (D.C. 1990). Here, the alleged negligent act and applicable standard of care is beyond the realm of common knowledge and is further distinctly related to a profession and occupation beyond the ken of the average lay person.

Over the last decade the requirement of expert testimony has been applied more broadly to a variety of situations, and therefore a substantially smaller number of cases are falling within the common knowledge exception. *Beard v. Goodyear Tire & Rubber Co., et al.*, 587 A.2d 195 (1991). As evidence of this trend, the District of Columbia Court of Appeals has required plaintiffs to

present expert testimony regarding the standard of care for relatively common situations.[2] *Marshall v. D.C. Caribbean, Inc.*, 2004 WL 3257066 (D.D.C.).

In this case, plaintiff alleges that defendant breached the standard of care for an insurance business, a complex and heavily regulated industry not within the common knowledge of the average person. (See Complaint generally). Notwithstanding the complexity of the basis for plaintiff's allegations, Levelle has failed to offer any expert testimony, let alone any testimony whatsoever on the standard of care and/or any deviation from any such standard. Specifically, plaintiff has offered no expert testimony concerning the applicable standard of care for an insurance company pertaining to the identification, selection, classification and proper and reasonable content of insurance forms, documents, endorsements, declarations and exclusions comprising a liability

---

[2] *Lenkin-N Ltd. P'ship*, 568 A.2d at 478 (expert testimony required on reasonableness of length of construction delay); *District of Columbia v. Freeman*, 477 A.2d 713, 719 (D.C. 1984) (whether a painted crosswalk is sufficient to render a particular intersection reasonably safe is a determination essentially technical in nature requiring testimony from experts who can place the evidence in appropriate context for the jury); *District of Columbia v. Carmichael*, 577 A.2d 312, 314 (D.C. 1990) (whether prison officials acted reasonably to secure the safety of a prisoner not within the realm of the everyday experiences of a lay juror; expert testimony is required to establish the standard of care); *Katkish v. District of Columbia*, 763 A.2d 703, 706 (D.C. 2000) ( "[A]n average lay person is not capable of discerning when a leaning tree may create a dangerous situation requiring an emergency response and whether the likelihood of the tree falling is related to the condition of the tree, the street, or other circumstances."); *Messina v. District of Columbia*, 663 A.2d 535, 540 (D.C. 1995) (expert testimony required to establish standard of care on playground); *Hill v. Metro African Methodist Episcopal Church*, 779 A.2d 906, 910 (D.C. 2001) (requiring expert testimony regarding methods of crowd control in church); *District of Columbia v. Arnold & Porter*, 756 A.2d 427, 433-34 (D.C. 2000) (plaintiff required to present expert testimony to establish standard of care for operation and maintenance of a municipal water main system); *Clark v. District of Columbia*, 708 A.2d 632, 634-35 (D.C. 1997) (expert testimony necessary to establish standard of care applicable to District officials operating juvenile detention center where a juvenile in custody committed suicide); *District of Columbia v. Hanson*, 666 A.2d 30, 35-36 (D.C. 1995) (in negligence action against the District, brought after a two year old child died in foster care as a result of the foster parent's alleged negligence, plaintiff must present expert testimony to establish standard of care for selection supervision of foster parents); *Varner v. District of Columbia*, 891 A.2d 260 (D.C. 2006) (expert testimony on appropriateness and sufficiency of academic discipline, with respect to university's prior discipline of student murderer, is required); *Brisbin v. Washington Sports & Entertainment Co., Ltd.*, 422 F. Supp. 2d 9 (2006) (spectators failure to proffer an expert opinion to establish standard of care regarding maintenance, supervision and management of facility warranted granting summary judgment to owner and operator on claim for negligent crowd control); *Marshall v. D.C. Caribbean Carnival, Inc.*, F.Supp. 2d 2004 WL 3257066 (D.C. 2004) (expert testimony on standard of care regarding organizing a festival is required); *Beard*, 587 A.2d 200 (proof of objective standard of care to which retail merchants should be held in processing applications for credit cards requires expert testimony).

insurance policy.  Plaintiff offers no expert evidence regarding the specialized body of knowledge relating to insurance companies and policies.  Plaintiff offers no expert interpretation of the various insurance policy forms, including the effect and meaning of a Schedule of Forms and Endorsements and/or Exclusion forms.

To the contrary, the only expert testimony here establishes that exclusion forms such as Assault & Battery Exclusion Forms, attached to a liability insurance policy and referenced in a policy's Schedule of Forms, need not contain the number of the policy, the endorsement effective date, the name of the insured, the name of the insurance broker or agent number or signature of an authorized representative of the insurance company to be a part of or applicable to a policy, to which made part of.  (Defendant's Expert Designation, Exhibit D).  Furthermore, expert testimony in this case establishes that Scottsdale adhered to the applicable standard of care.[3]  *Id.*

Levelle's allegations fit squarely within D.C.'s requirement for expert testimony. Without an expert, Levelle cannot prove at least two of the essential elements in a negligence action: the relevant standard of care, and the defendant's deviation from these standards. *Beard*, 587 A.2d at 199.  The inability to establish a standard of care for an issue beyond the ken of the average person is fatal to a lawsuit.  *Id.* at 200.  Here, Levelle has failed to do so, which is fatal to its case.  Without

---

[3] Scottsdale's experts will further testify that the Policy was issued in conformance with the requirements of the District of Columbia.  The experts will testify that the policy and all its attachments are unequivocally unambiguous. The assault and/or battery exclusion form GLS-227s (4-00), attached to the policy, is also unambiguous and applicable to the policy.  The policy expressly and correctly excludes assault and/or battery coverage.  The policy's Schedule of Forms and Endorsements, UTS-SP-2(12-95), which references the policy, the insured's name, the applicable effective date and agent's number, properly references and incorporates the assault and/or battery exclusion endorsement, GLS-227s (4-00), attached to and as part of the policy.  Furthermore, the assault and/or battery exclusion contained in the policy disclaims coverage for the facts and circumstances alleged in the underlying Complaint.  Defendant's experts will further testify that Scottsdale adhered to the applicable standard of care in this case and in no way deviated from any applicable standards.  (Defendant's Expert Designation, Exhibit D).

expert testimony, Levelle cannot establish negligence.

VI.    <u>CONCLUSION</u>

The policy contained an unambiguous Assault and/or Battery Exclusion.  This Exclusion is also memorialized on the Policy's Schedule of Forms and Endorsements.  The coverage sought by Levelle is clearly prohibited by the Policy's language.  Furthermore, Levelle, to prove its case under District of Columbia law, <u>must</u> proffer expert testimony regarding the standard of care required for issues involving insurance as alleged in its Complaint.   Levelle's claims, therefore, must fail.

WHEREFORE, for the reasons stated above, defendant Scottsdale Insurance Company respectfully requests that the Court grant its Motion for Summary Judgment.

Respectfully submitted,

CARR MALONEY P.C.


    //s//
William J. Carter, # 329637
Mariana D. Bravo, #473809
1615 L Street, N.W., Suite 500
Washington, D.C.  20036
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)

14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

LEVELLE, INC. d/b/a COACH, et al.,          :
                                            :
              Plaintiffs,                   :
                                            :
      v.                                    :     Case No.: 1:06cv1203
                                            :
SCOTTSDALE INSURANCE COMPANY,               :
                                            :
              Defendant.                    :


**SCOTTSDALE INSURANCE COMPANY'S
STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1.      Plaintiff Levelle, Inc. (a.k.a. Coach & IV Restaurant) (hereinafter "Levelle") owns and operates Club U in Washington, DC.  (Complaint, ¶¶ 1, 10)

2.      On or about May 6, 2004 Levelle procured a general commercial liability policy, Policy No. CPS0624508 (hereinafter "the Policy") from defendant Scottsdale Insurance Company (hereinafter "Scottsdale").  (Complaint, ¶ 7, Insurance Policy No. CPS0624508, Exhibit A).

3.      The effective dates of the policy were April 7, 2004 through April 7, 2005. (Complaint, ¶ 7).

4.      The Policy contained an "Assault and/or Battery Exclusion" (hereinafter "Exclusion") which states that:

> This insurance does not apply to "Injury," "Bodily Injury," "Property Damage" or "Personal and Advertising Injury" ("Personal Injury" or "Advertising Injury") arising from:
>
> > 1.      Assault and/or Battery committed any insured, any employee of any insured, or any other person;

15

2.      The failure to suppress or prevent Assault and/or Battery by any person in 1.    above;

3.      The negligent:

a.      Employment;
b.      Investigation;
c.      Supervision;
d.      Reporting to the proper authorities, or failure to so report; or
e.      Retention of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph 1 or 2 above. . . (Complaint, ¶19, Assault & Battery Exclusion, GLS-227-(4-00), Exhibit B).

5.      This Exclusion is also referenced in the Policy's Schedule of Forms and Endorsements (hereinafter "Schedule") and specifically references the Policy No. and Effective Date. (Complaint, ¶17, Schedule of Forms and Endorsements, UTS-SP-2 (12-95), Exhibit C).

6.      On February 13, 2005 Terrence Brown was patronizing Club U when he was fatally stabbed.  (Complaint, ¶9).

7.      Mr. Brown's estate filed a survival and wrongful death action (hereinafter "the Underlying Action") against Levelle and other defendants, alleging that Levelle breached its duty of care to Mr. Brown by, inadequately staffing and supervising its security personnel at the Reeves Center and Club U.  (Complaint,¶10).

8.      Mr. Brown's estate also alleges that Levelle failed to supervise its employees or agents, failed to properly train its employees or agents resulting in the stabbing death of Mr. Brown. (Complaint, ¶10).

9.      Levelle filed the instant declaratory action seeking coverage for the Underlying Action under the Policy.  (Complaint, at ¶15).

10.      Levelle designated no expert witness in this matter.

16

11.     Scottsdale timely designated experts.  (Defendant's Expert Designation, Exhibit D).

12.     Scottsdale's experts will testify concerning the applicable standard of care for an insurance company pertaining to the identification, selection, classification and proper and reasonable content of insurance forms, documents, endorsements, declarations and exclusions comprising a liability insurance policy.  *Id.*

13.     Scottsdale's experts will explain the specialized body of knowledge relating to insurance companies and policies.  *Id.*

14.     Scottsdale's experts will explain and interpret various insurance policy forms, including the effect and meaning of a Schedule of Forms and Endorsements and exclusions forms.

15.     Exclusion forms, such as Assault & Battery Exclusion Forms, attached to a liability insurance policy and referenced in a policy's Schedule of Forms, need not contain the number of the policy, the endorsement effective date, the name of the insured, the name of the insurance broker or agent number or signature of an authorized representative of the insurance company to be a part of or applicable to a policy, to which made part of.  *Id.*

16.     The Policy and all its attachments are unequivocally unambiguous.  *Id*.

17.     The assault and/or battery exclusion form GLS-227s (4-00) attached to the policy is unambiguous and applicable to the Policy.  *Id*.

18.     The Policy expressly and correctly excludes assault and/or battery coverage.  *Id*.

19.     The Policy's Schedule of Forms and Endorsements, UTS-SP-2(12-95), which references the policy, the insured's name, the applicable effective date and agent's number, properly references and incorporates the assault and/or battery exclusion endorsement, GLS-227s (4-00), attached to and as part of the Policy.  *Id.*

17

20.    The assault and/or battery exclusion contained in the policy disclaims coverage for the facts and circumstances alleged in the underlying Complaint, Case No.: 2005-CA-004499B, ("lawsuit") involving Terrance Brown.  *Id*.

21.    Scottsdale adhered to the applicable standard of care in this case and in no way deviated from any applicable standards. *Id*.

Respectfully submitted,

CARR MALONEY P.C.


     //s//                                                    _
William J. Carter, # 329637
Mariana D. Bravo, #473809
1615 L Street, N.W., Suite 500
Washington, D.C.  20036
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

LEVELLE, INC. d/b/a COACH, et al.,          :
                                            :
          Plaintiffs,                       :
                                            :
     v.                                     :     Case No.: 1:06cv1203
                                            :
SCOTTSDALE INSURANCE COMPANY,               :
                                            :
          Defendant.                        :

## O R D E R

UPON CONSIDERATION of Scottsdale Insurance Company's Motion for Summary

Judgment, and any opposition thereto, it is hereby

ORDERED, that the Motion be Granted.

Entered this _____ day of _____ 2007.

                                        _____
                                        Judge Royce C. Lamberth

cc:     William J. Carter, Esquire
        Mariana D. Bravo, Esquire
        Carr Maloney P.C.
        1615 L Street, N.W., Suite 500
        Washington, D.C.  20036

        Andrea M. Bagwell, Esquire
        Harmon, Wilmot & Brown, LLP
        1010 Vermont Avenue, N.W.
        Suite 810
        Washington, D.C.  20005

19