# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

LEVELLE, INC. d/b/a COACH, et al., :
:
    Plaintiffs, :
:
v. : Case No.: 1:06cv1203
:
SCOTTSDALE INSURANCE COMPANY, :
:
    Defendant. :

## DEFENDANT, SCOTTSDALE INSURANCE COMPANY'S
## EXPERT WITNESS DESIGNATION

Defendant, Scottsdale Insurance Company ("Scottsdale"), by counsel, CARR MALONEY P.C., and pursuant to this Court's Scheduling Order, designates the following experts who will or may testify on behalf of defendant:

1.     Mr. Robert Short, CPCU, AIS
    3470 Rocks Mill Lane
    Charlottesville, Virginia 22903

Mr. Short is a licensed insurance agent and consultant with extensive knowledge, training and experience in the insurance business. Mr. Short's *curriculum vitae* will be provided. If called to testify at trial, Mr. Short is expected to testify regarding all aspects in connection with the standard of care for an insurance company, such as Scottsdale, regarding the issuance and provision of insurance policies.

Mr. Short will testify concerning the applicable standard of care for an insurance company pertaining to the identification, selection, classification and proper and reasonable content of insurance forms, documents, endorsements, declarations and exclusions comprising a liability insurance policy. Mr. Short will explain the specialized body of knowledge relating to insurance

companies and policies. He will further explain and interpret various insurance policy forms, including the effect and meaning of a Schedule of Forms and Endorsements and exclusions forms. He will testify that exclusion forms such as Assault & Battery Exclusion Forms, attached to a liability insurance policy and referenced in a policy's Schedule of Forms, need not contain the number of the policy, the endorsement effective date, the name of the insured, the name of the insurance broker or agent number or signature of an authorized representative of the insurance company to be a part of or applicable to a policy, to which made part of.

Specifically, Mr. Short will testify that policy number CPS0624508 ("the policy") was issued in conformance with the requirements of the District of Columbia. Mr. Short is expected to testify that the policy and all its attachments are unequivocally unambiguous. He will testify that the assault and/or battery exclusion form GLS-227s (4-00) attached to the policy is also unambiguous and applicable to the policy. The policy expressly and correctly excludes assault and/or battery coverage. The policy's Schedule of Forms and Endorsements, UTS-SP-2(12-95), which references the policy, the insured's name, the applicable effective date and agent's number, properly references and incorporates the assault and/or battery exclusion endorsement, GLS-227s (4-00), attached to and as part of the policy. Furthermore, the assault and/or battery exclusion contained in the policy disclaims coverage for the facts and circumstances alleged in the underlying Complaint, Case No.: 2005-CA-004499B, ("lawsuit") involving Terrance Brown. As such, Scottsdale properly denied coverage and/or indemnification for the lawsuit. Mr. Short will also testify that any policies issued to the insured subsequent to the policy at issue are entirely irrelevant to determining coverage provided by the policy at issue.

Mr. Short will testify that Scottsdale adhered to the applicable standard of care in this case

2

and in no way deviated from any applicable standards.

    2.    Susan Scott, Vice President, CTCU, ARM
           Weaver Bros. Insurance Associates, Inc.
           Air Rights Center, Suite 900
           7315 Wisconsin Avenue
           Bethesda, Maryland 20814

Ms. Scott is a licensed insurance agent and consultant with extensive knowledge, training and experience in the insurance business. Ms. Scott's *curriculum vitae* will be provided. If called to testify at trial, Ms. Scott is expected to testify regarding all aspects in connection with the standard of care for an insurance company, such as Scottsdale, regarding the issuance and provision of insurance policies.

Ms. Scott will testify concerning the applicable standard of care for an insurance company pertaining to the identification, selection, classification and proper and reasonable content of insurance forms, documents, endorsements, declarations and exclusions comprising a liability insurance policy. Ms. Scott will explain the specialized body of knowledge relating to insurance companies and policies. They will further explain and interpret various insurance policy forms, including the effect and meaning of a Schedule of Forms and Endorsements and exclusions forms. They will testify that exclusion forms such as Assault & Battery Exclusion Forms, attached to a liability insurance policy and referenced in a policy's Schedule of Forms, need not contain the number of the policy, the endorsement effective date, the name of the insured, the name of the insurance broker or agent number or signature of an authorized representative of the insurance company to be a part of or applicable to a policy, to which made part of.

Specifically, Ms. Scott will testify that policy number CPS0624508 ("the policy") was issued in conformance with the requirements of the District of Columbia. Ms. Scott is expected to

testify that the policy and all its attachments are unequivocally unambiguous. She will testify that the assault and/or battery exclusion form GLS-227s (4-00) attached to the policy is also unambiguous and applicable to the policy. The policy expressly and correctly excludes assault and/or battery coverage. The policy's Schedule of Forms and Endorsements, UTS-SP-2(12-95), which references the policy, the insured's name, the applicable effective date and agent's number, properly references and incorporates the assault and/or battery exclusion endorsement, GLS-227s (4-00), attached to the policy. Furthermore, the assault and/or battery exclusion contained in the policy disclaims coverage for the facts and circumstances alleged in the underlying Complaint, Case No.: 2005-CA-004499B, ("lawsuit") involving Terrance Brown. As such, Scottsdale correctly properly denied coverage and/or indemnification for the lawsuit. Ms. Scott will also testify that any policies issued to the insured subsequent to the policy at issue are entirely irrelevant to determining coverage provided by the policy at issue.

Ms. Scott will testify that Scottsdale adhered to the applicable standard of care in this case and in no way deviated from any applicable standards.

3. Defendant files this Expert Witness Designation to comply with the Court's Scheduling Order. However, Plaintiff has failed to identify any expert witnesses by March 29, 2007, plaintiff's deadline to designate expert witnesses pursuant to the Court's April 3, 2007 Order. Plaintiff has not identified any expert witnesses, either through a timely filed Expert Witness Designation, Witness List or discovery responses. In addition, Scottsdale designates these witnesses before any depositions have occurred. Scottsdale does not know what, if any, expert witnesses plaintiff may seek to identify and/or seek to call at trial, what their specialties would be, and what they would be expected to testify to at trial. Because the foregoing will impede

Scottsdale's ability to defend the case, defendant reserves the right to identify experts if the need arises during the course of discovery. Scottsdale will also object to any attempts by Plaintiff to designate experts out of time.

4. Scottsdale respectfully reserve the opportunity to name further expert witnesses if necessary to protect their rights.

5. Scottsdale will rely on the witnesses identified in the Witness List or identified by any other party to this action, but not objected to by Scottsdale.

6. Scottsdale reserves the right to designate additional expert witnesses to rebut plaintiff's expert witnesses should plaintiff seek to and be permitted to identify any expert witnesses.

7. This defendant will supplement this Expert Witness Designation as necessary as discovery progresses and in response to further orders of this Court.

Respectfully submitted,

CARR MALONEY P.C.

By:     /s/ Mariana D. Bravo
William J. Carter, # 329637
Mariana D. Bravo, #473809
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)
mdb@carrmaloney.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Expert Witness Designation was filed electronically on this 16th day of April, 2007 to:

>Andrea M. Bagwell, Esquire
>Harmon, Wilmot & Brown, LLP
>1010 Vermont Avenue, N.W.
>Suite 810
>Washington, D.C. 20005

>/s/ Mariana D. Bravo
>Mariana D. Bravo