UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LEVELLE, INC. d/b/a COACH & IV RESTAURANT, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> SCOTTSDALE INSURANCE COMPANY, : <br> : <br> Defendant. : <br> : | Case No.: 1:06cv1203 |

## PLAINTIFF LEVELLE, INC.'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Levelle, Inc., ("Levelle"), by counsel, HARMON, WILMOT, BROWN & BAGWELL, LLP, and pursuant to Rule 56.1 of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Defendant Scottsdale's Motion for Summary Judgment. As reasons in support of it Motion to Dismiss Defendant Scottsdale's Motion for Summary Judgment, respectfully refers the Court to the attached Memorandum of Points and Authorities. Levelle further requests that the Court grant any further relief the Court deems necessary.

Respectfully submitted,

HARMON, WILMOT & BROWN, LLP

__/s/_____
Andrea M. Bagwell, Esq., D.C. Bar #434943
David W. Wilmot, Esq., D.C. Bar #214833
1010 Vermont Avenue, N.W., Suite 810
Washington, D.C. 20005
(202) 783-9100
(202) 783-9103 (Fax)

*Attorney for Plaintiff*

LEVELLE'S RESPONSE MOTION TO SCOTSDALE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT Final

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that a that a true and correct copy of the foregoing *Plaintiff Levelle, Inc.'s Response to Scottsdale Insurance Company Motion for Summary Judgment, Memorandum of Points and Authorities, Statement of Fact In Dispute and Proposed Order* **was labeled Judge's copy and deposited in the repository for such pleading in accordance with Court Rules and filed and sent via electronic filing** on this 29th day of August, 2007 to:

>William J. Carter, Esquire
>Mariana D. Bravo, Esquire
>**Carr Maloney, P.C.**
>1615 L Street, N.W., Suite 500
>Washington, D.C.  20036


_____/s/_____
Andrea M. Bagwell, Esq.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LEVELLE, INC. d/b/a COACH & IV RESTAURANT, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> SCOTTSDALE INSURANCE COMPANY, : <br> : <br> Defendant. : <br> : | Case No.: 1:06cv1203 |

## PLAINTIFF LEVELLE, INC.'S
## MEMORANDUM OF POINTS AND AUTHORITIES

**COMES NOW,** Plaintiff, Levelle, Inc., by and through counsel, Andrea M. Bagwell, Esquire, Harmon, Wilmot, Brown & Bagwell, LLP, and notes that Defendant's Motion for Summary Judgment must fail in the instant case because there remain in genuine dispute issues of material fact to be determined by the trier of fact.

### I.   PRELIMINARY STATEMENT

Levelle, Inc., brought this Declatory Action to declare that Scotsdale Insurance Company must defend Levelle, Inc. in The Estate of Terrence Brown, a survival and wrongful death action against the District of Columbia (Civil Case No.: 2005-CA-004499B) (Hereinafter referred to as "Underlying Action"). *(See Exhibit #1)* Contrary to Levelle's contentions, Defendant contends that, "There is no coverage for the allegations pled in the [Plaintiff's] Amended Complaint because they are specifically excluded by the above-cited Endorsements.

Pursuant to the Commercial General Liability Coverage Form CG 00 01 10 01, Section 1, Coverage A (1) Bodily Injury And Property Damage Liability, Paragraph 1 (Insuring

Agreement) of the Policy that Scottsdale issued to Levelle contends that Scottsdale has a the following duties:

> 1. *Duty to defend Levelle, Inc. against any suit seeking damages for bodily injuries;*
>
> 2. *Duty to indemnify Levelle, Inc. for any damages for bodily injuries for which insurance coverage exists.*

By way of background, on or about February 13, 2005, Defendant Terrence Brown was fatally stabbed at the Reeves Center, a Municipal building owned by Defendant District of Columbia that is monitored and guarded by Defendant District of Columbia's Protective Services officers. The Complaint in the Underlying Matter was amended on or about January 10, 2006, naming Levelle, Inc. as a party defendant in the case and *alleging the following:*

> 1. *Levelle, Inc. failed to supervise its employees or agents, failed to properly train its employees or agents, and as a result negligently caused the death of Terrence Brown;*
>
> 2. *Levelle, Inc. owed a duty of care to their patrons to protect against harm;*
>
> 3. *Levelle, Inc. breached this duty of care owed to Terrence Brown by inadequately staffing and supervising security personnel at the Reeves Center and at Club U;*
>
> 4. *Levelle, Inc. further breached its duty of care owed to Terrence Brown when employees allowed patrons to enter Club U without being searched for weapons. The Plaintiff alleged that as a result of the negligent actions*

*of **both** the District of Columbia and Levelle, Inc., Terrence Brown was fatally stabbed on Defendant's premises and died.*

## II.   PROCEDURAL HISTORY

The record in this matter establishes that Levelle, Inc. is in the business of being a restaurant and is owned and operated by Paul Gwynn (Deceased), Warren Williams, Sr. and Warren Williams, Jr. Levelle, Inc. has its sole place of business in the District of Columbia and is licensed to conduct such business in the District of Columbia.

Scottsdale Insurance Company (hereinafter "Scottsdale") is licensed to do business in and is permitted to sell insurance to entities such as Levelle, Inc. in the District of Columbia and acted in part through, All Risks Limited, as broker, and Howard W. Phllips & Company, as retail agent, of Scottsdale and also acted as agents and/or brokers for Levelle, Inc. All Risks Limited and Howard W. Phillips & Company are licensed insurance brokers and are licensed agents of Scottsdale Insurance Company. These agents and/or brokers solicit, procure and otherwise do business in the District of Columbia.

The Endorsement for Total Liquor Liability states that the endorsement modifies insurance provided under the "Commercial General Liability Coverage Form." **It further provides as follows:** *The Exclusion c. in SECTION I, COVERAGE A, is deleted in its entirety and replaced with the following:*

> a.   *"Bodily injury" or "property damage" for which any insured or his Indemnitee may be held liable by reason of:*
> (1)   *Causing or contributing to the intoxication of any person*
> (2)   *The furnishing of alcoholic beverages to a person under the legal drinking age;*
> (3)   *The furnishing of alcoholic beverages to anyone under the influence of alcohol; or*

>  *(4)    Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.*

19. The Endorsement for Total Assault and/or Battery states that the endorsement changes the Policy. **It further provides as follows:**

*This insurance does not apply to "injury, "Bodily injury," "Property Damage" or "Personal and Advertising Injury" ("Personal Injury" or "Advertising Injury") arising from:*

1. *Assault and/or Battery committed by any insured, any employee of any insured, or any other persons;*
2. *Failure to suppress or prevent Assault and/or Battery by any person in 1 above;*
3. *The negligent:*
   a. *Employment*
   b. *Investigation*
   c. *Supervision*
   d. *Reporting to the proper authorities, or failure to so report; or*
   e. *Retention*
   *Of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1 or 2 above; or*

4. *The selling, serving or furnishing of alcoholic beverages.*

Pursuant to the Commercial General Liability Coverage Form CG 00 01 10 01, Section 1, Coverage A Bodily Injury And Property Damage Liability, Paragraph 2(c) (Exclusions) of the Policy that Scottsdale issued to Levelle, Inc., coverage is excluded for "bodily injury" resulting from liquor liability on the part of Levelle, Inc. **Specifically, the exclusion provision for liquor liability provides, in pertinent part, as follows:** *"Bodily Injury" for which any insured may be held liable by reason of:*

>  a. *Causing or contributing to the intoxication of any person;*
>
>  b. *The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or*

> c. *Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.*
>
> *This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.*

**The above-cited exclusion of coverage for "bodily injury" resulting from liquor liability on the part of Levelle, Inc. contained in the Commercial General Liability Coverage Form CG 00 01 10 01, Section 1, Coverage A Bodily Injury And Property Damage Liability, Paragraph 2(c) (Exclusions) of the Policy that Scottsdale issued to Levelle, Inc., is inapplicable to the facts and circumstances of this case because there is no allegations in the underlying Complaint involving the sale, distribution or use of liquor by any Plaintiff or Defendant in the underlying action.**

Even assuming that the Endorsement for the Total Liquor Liability Exclusion contained in the 2005 Policy were found to be applicable to said Policy, said endorsement is, nevertheless, inapplicable to the facts and circumstances of this case because there is no allegations in the underlying Complaint involving the sale, distribution or use of liquor by any Plaintiff or Defendant in the underlying action and the provision violates public policy in the District of Columbia.

### III. FACTUAL BACKGROUND

On or about May 6, 2004, Levelle, by and through its agents and employees (hereinafter collectively known as "Levelle, Inc."), procured a general commercial liability policy, Policy No. CPS0624508 ("the 2006 Policy), effective from 4-7-04 to 4-7-05, from Scottsdale Insurance Company in the amount of $1,000,000.00 per occurrence and $2,000,000.00 in the aggregate.

Scotsdale claims that the policy does not cover the acts and omissions of Levelle involving assault and/or battery committed by anyone, or negligent hiring, training or supervision of Levelle's employees or agents involving claims relating to assault and/or battery in connection with the Underlying Action.

### IV. STANDARD OF REVIEW

Summary judgment under Fed. R. Civ. P. 56.1 may be granted if there is "no genuine issue as to any material fact" and where "the moving party is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-248 (1986). A material fact is one that would "affect the outcome of the suit under the governing law;" a genuine dispute about a material issue of fact is present if the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. at 248. Issues of fact raised by the Plaintiff in its Motion are in dispute and accordingly, the Motion should fail. Specifically, Defendant notes that there are material facts in dispute with respect to all five issues raised by Plaintiff in its Motion, specifically: (1) whether Plaintiff was the 'prevailing party' in connection with the July 1, 2003 HOD; (2) whether the additional HODs constitute additional relief to Plaintiff or were simply repetitions of the first HOD; (3) whether the fees sought by Plaintiff are reasonable; (4) whether the number of hours invoiced is reasonable; (5) whether Ms. Houck's or Ms. Mills' hourly rates invoiced are reasonable; and (6) whether Plaintiff is entitled to Pre-Judgment Interest. Clearly, the affidavits and the depositions show that there are genuine issues for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (*quoting* Fed.R.Civ.P.56 (e))

V.  LEGAL ARGUMENT

***Scotsdale Insurance Company must defend Levelle in the underlying action because***
The SCHEDULE OF FORMS AND ENDORSEMENTS, UTS-SP-2(12-95), page of the Policy lists a number of forms and endorsements, which include Endorsements for Total Liquor Liability Exclusion, GLS-106S(5/93), and an Assault and/or Battery Exclusion, GL-227S(4/00), but does not specify which forms and endorsements apply to the Commercial General Liability Coverage. Although Endorsements for the Total Liquor Liability Exclusion, GLS-106S(5/93), and the Assault and/or Battery Exclusion, GL-227S(4/00) are attached to the Policy, the Policy is ambiguous as to whether these Exclusions are applicable to the Commercial General Liability Coverage purchased by Levelle, Inc.

The Endorsements for the Total Liquor Liability Exclusion and the Total Assault and/or Battery Exclusion relied upon by Scottsdale to deny coverage to Levelle, Inc., to defend and indemnify it against claims of the type contained in the underlying Complaint are ambiguous and thus inapplicable to the Policy in that no where in the Policy is it expressly specified that the Endorsements are applicable to the insurance coverage provided to Levelle, Inc., and there are relevant and material omissions of information in the Endorsements in question to support Levelle, Inc.'s claim that they are not part of the Policy.

The Endorsements for the Total Liquor Liability and Assault and/or Battery Exclusions do not contain (1) the number of the Policy in the space provided in response to the statement "Attached To And Forming A Part Of Policy Number", (2) the endorsement effective date, (3) the name of the insured, (4) the name of the insurance agent/ broker or the agent number, and (5) the signature of an authorized representative of the insurance company and the date.   Levelle, Inc.'s claim that the Endorsements for the Total Liquor Liability Exclusion and the Total Assault and/or Battery Exclusion attached to the Policy that Scottsdale issued to Levelle, Inc., for the period from 4/7/04 to 4/7/05 are inapplicable to said Policy is supported by the insurance policy (hereinafter the "2006 Policy) that Scottsdale issued to Levelle, Inc. for the period from 4/7/05 to 4/7/06.   Under the 2006 Policy, Levelle, Inc. has Commercial General Liability Coverage.

The Common Policy Declarations page, OPS-D-1 (12-00), of the 2006 Policy contains the statement "Forms and Endorsement(s) made a part of this policy at time of issue: SEE SCHEDULE OF FORMS AND ENDORSEMENTS".  The bottom of the Common Policy Declarations page also states "THIS COMMON POLICY DECLARATIONS AND THE SUPPLEMENTAL DECLARATIONS, TOGETHER WITH COMMON POLICY CONDITIONS, COVERAGE PART(S), COVERAGE FORMS(S) AND FORMS AND ENDORSEMENTS, IF ANY, COMPLETE THE ABOVE NUMBERED POLICY".

The SCHEDULE OF FORMS AND ENDORSEMENTS attached to the 2006 Policy contains a list of forms and endorsements that are applicable to said Policy, which includes the same Endorsement for the Total Liquor Liability Exclusion as the one attached to the 2005 Policy. The 2006 Policy does not contain an Endorsement for the Assault and/or Battery Exclusion. In

addition, the Endorsement for the Total Liquor Liability Exclusion contained in the 2006 Policy expressly contains (1) the number of the Policy in the space provided in response to the statement "Attached To And Forming A Part Of Policy Number", (2) the endorsement effective date, (3) the name of the insured, and (4) the agent number.

The Schedule of Forms and Endorsements attached to the 2006 Policy standing alone unambiguously reflects which forms and endorsements attached to the Policy are applicable to said Policy, and it clearly reflects that the Endorsement for the Total Liquor Liability Exclusion is applicable to the Policy. The Endorsement for the Total Liquor Liability Exclusion contained in the 2006 Policy also standing alone unambiguously reflects that said Exclusion is applicable to said Policy, despite the fact that the signature of an authorized representative of the insurance company and the date is not included therein. See, *Amos v. Torrence Wendell Campbell, et al, 593 N.W.2d 263 (1999); Duplechain v. Turner, et al, 444 So. 2d 1322 (1984); Tower Insurance Company v. John Paul Judge, et al, 840 f. Supp 679 (1993);*

Scottsdale's revisions to both the Common Policy Declarations page, OPS-D-1 (12-00), and the Endorsement for the Total Liquor Liability Exclusion contained in the 2006 Policy evidences that Scottsdale recognized, sometime after the events that gave rise to the underlying Complaint, that there existed an ambiguity in the 2005 Policy with respect to which forms and endorsements attached to that Policy are applicable to Levelle, Inc.'s coverage that it sought to remedy in the 2006 Policy.

Even assuming that the Endorsement for the Assault and/or Battery Exclusion contained in the 2005 Policy were found to be applicable to said Policy, said endorsement is, nevertheless, inapplicable to the facts and circumstances of this case because there is no allegations in the

underlying Complaint that the alleged negligent hiring, supervision and training of employees by Levelle, Inc. that allegedly resulted in the fatal stabbing of Terrence Brown involved the conduct of "a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1 or 2 . . . " in said Endorsement, and the provision violates public policy in the District of Columbia. *See, L.A. Connection v. Penn-America Insurance Co., 363 Ill.App. 3d 259 (2005); Sphere Drake Insurance v. Carolina Restaurant, 1192 U.S. Dist. Lexis 8522 (1992); Allstate Insurance Company v. Daniel Kovar, et al, 363 Ill. App. 3d 493 (2006).*

Furthermore, in the alternative, Scottsdale would be liable to Levelle, Inc. because of the wrongful actions of its employees and/or agents in soliciting and procuring the insurance business of Levelle, Inc. Upon information and belief, said solicitation and procurement of Levelle, Inc.'s insurance business by Scottsdale's employees and/or agents was made with the full knowledge and understanding that Levelle, Inc. was a restaurant operating in the District of Columbia that also, in some part, sold, handled, distributed or otherwise disposed of alcohol beverages on the premises. Specifically, Scottsdale would be liable to Levelle, Inc. on alternative theories of recovery, including, but not limited to, fraud in the inducement, constructive fraud, breach of contract, equitable estoppel, breach of duty to procure and provide insurance coverage in conformance with applicable laws, failure to notify an insured of coverage and/or coverage change, and negligent misrepresentation of the policy of insurance.

Despite knowledge of the nature of the Levelle, Inc. business, Scottsdale, through its employees and/or agents, sold a policy of insurance to Levelle, Inc. and collected premiums in excess of $6,700, which Scottsdale not claims does not cover the events of February 13, 2005 alleged in

the underlying Complaint or the claims made by the Plaintiffs herein. If Scottsdale's assertions are determined by this Court to be correct, Scottsdale, through its employees and/or agents, committed malpractice because of errors and omissions by them which induced Levelle, Inc. to purchase a policy of insurance from Scottsdale that was not in conformance with the express wishes of Levelle, Inc. or in conformance with the laws of the District of Columbia.

## SCOTTSDALE IS INCORRECT IN ARGUING THAT WITHOUT AN EXPERT WITNESS LEVELLE'S CLAIM MUST FAIL

Scottsdale has misrepresented the law in stating that Levelle is required to present expert testimony to prove its case. Scottsdale is correct that *Matthews v. District of Columbia*, 387 A.2d 731 and *District of Columbia v. Peters*, 527 A.2d 1269, as well as several other cases have found that expert testimony is not required for proving that certain acts are negligent if those acts are "within the realm of common knowledge and everyday experiences". *Matthews*, 387 A.2d at 735. Scottsdale is also correct in stating that expert testimony is required if the subject is "distinctly related to some science, profession, or occupation as to be beyond the ken of the average lay person." *Peters*, 527 A.2d at 1273.

Scottsdale is incorrect in stating that "it is well established" (Scottsdale Motion p. 11) to require an expert witness to provide testimony on standard of care since such a subject is "beyond the ken of the average layperson." While courts prefer expert testimony when it comes to determining the reasonableness of particular circumstances, such as whether technical decisions made by prison officials was reasonable, *Murphy v. U.S.*, 653 F.2d 637 (C.A.D.C. 1981), or whether a crosswalk renders an area reasonably safe, *District of Columbia v. Freeman*, 477 A.2d 713 (D.C. 1984), no court has made the determination that lack of an expert witness is fatal to a case except in matters of malpractice, whether medical or legal. *Washington v.*

*Washington Hosp. Center*, 579 A.2d 177, 181 (D.C.1990) (expert testimony usually required to establish each element of a medical malpractice claim). The court in *Morgan v. District of Columbia*, 824 F.2d 1049 (C.A.D.C. 1987) states that in *Murphy*, 653 F.2d at 651 & n. 69; *Hughes*, 425 A.2d at 1303; and *Matthews*, 387 A.2d at 734 plaintiffs would have been allowed to establish the lack of care by supporting evidence or some other method. In particular, *Morgan* asserts that even in determining the standard of care present in police procedure and the administration of prisons, the plaintiff would not be required to hire an expert witness if it were possible to show a deviation from the standard of care by other means. In fact, that court states that the District Court has broad discretion in determining what a jury could conclude is reasonable based on the facts presented. *Morgan*, 824 F.2d at 1062. *Anderson v. Ford Motor Company*, 682 A.2d 651 (C.A.D.C. 1996) states that finding a specific fact such as whether an airbag was fully inflated on impact, though necessary for determining standard of care, does not require expert testimony despite the ruling in *Beard v. Goodyear Tire Company*, 587 A.2d 195 (C.A.D.C. 1991).

  While the field of insurance law may be complex for the average layperson to understand, the specific issues regarding the duty of Scottsdale under the policy and the applicability of the "Liquor Liability" and "Assault and/or Battery" exclusion provisions are not beyond the ken of the average layperson. The issues Levelle has raised in the Complaint can be safely left to the jury to render a verdict. In contrast to Scottsdale's assertion that expert testimony is required for standard of care, the issue addressed in *Beard* was technical concerning "appropriate standard of care to which retail merchants should be held in processing applications for credit cards."

  In the case at bar, we are not asking the jury to make a determination regarding the role of the various insurance policy forms and effects or evaluate standard of care of an insurance

company in such matters.

Our argument turns on the role of the exclusion forms. Proving that these forms do not prevent indemnification does not require expert testimony since the underlying Complaint bore no allegation that the distribution or sale of liquor caused the original injury. Instead, Levelle is asking the jury to determine whether the Scottsdale policy provides coverage in the form of a duty to defend and indemnify Levelle. If the jury finds such a duty, it will then have to determine whether that requires Scottsdale to pay the sum of two million dollars to indemnify Levelle. Neither reviewing the forms and understanding propriety of the exclusions, nor deciding the contractual obligation of Scottsdale regarding Levelle requires expert testimony.

## Conclusion

Plaintiff's Motion for Summary Judgment must fail because there are countless issues that are material and genuine to the resolution of this matter.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Civil Division

LEVELLE, INC. d/b/a COACH & IV RESTAURANT, :
:
      Plaintiffs, :
:
v. :   Case No.: 1:06cv1203
:
SCOTTSDALE INSURANCE COMPANY, :
:
      Defendant. :
:
:

### PLAINTIFF LEVELLE, INC.'S STATEMENT OF MATERIAL FACTS IN DISPUTE BASED ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff Levelle, Inc., by and through counsel, Andrea M. Bagwell, Esquire Harmon, Wilmot, Brown & Bagwell, LLP, pursuant to F.R.Civ.P. 56.1 and asserts that the following statement of material facts are subject to genuine dispute.

1. Whether the so-called "Liquor Liability" exclusion provision of the policy is inapplicable to the facts and circumstances set forth in the underlying Complaint and/or is against the public policy of the District of Columbia. (Exhibit #1)

2. Whether the "Assault and/or Battery" exclusion provision of the policy is inapplicable to the facts and circumstances set forth in the underlying Complaint. (Exhibit #2)

3. Whether the 2005 Scottsdale Policy issued to Levelle, Inc., provides for coverage in the form of a duty to defend and indemnification to Levelle, Inc. based on the causes of action stated in the underlying Complaint and the claims of the Plaintiffs herein

and other theories as may be advanced or learned through the course of discovery and trial of this cause. (Exhibit #3)

4. Whether indemnification by Scottsdale Insurance Company, in the amount of two million dollars per accident or claimant, of the claims of the Plaintiff in the underlying action, in the event Levelle, Inc. is found liable to the Plaintiff, is required under the 2005 policy of insurance issued to Levelle, Inc. under theories stated herein or other such theories as may be learned or advanced through the course of discovery and trial in this matter.

>  Respectfully submitted,
>  HARMON, WILMOT, BROWN &
>     BAGWELL, LLP
>
>
>  By:_____/s/_____
>  Andrea M. Bagwell, 434943
>  1010 Vermont Avenue, N.W.
>  Suite 810
>  Washington, D.C. 20005
>  (202) 783-9100
>
>  Attorney for Plaintiff Levelle, Inc.