UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LEVELLE, INC. d/b/a COACH, et al., | : |
| Plaintiffs, | : |
| v. | : Case No.: 1:06cv1203 |
| SCOTTSDALE INSURANCE COMPANY, | : |
| Defendant. | : |

**REPLY TO PLAINTIFF'S OPPOSITION TO SCOTTSDALE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Scottsdale Insurance Co., ("Scottsdale"), by counsel, CARR MALONEY P.C. replies to Plaintiff's Memorandum in Opposition to Scottsdale's Motion for Summary Judgment as follows:

Plaintiff's Opposition provides no legal or factual reason to deny the relief sought in Scottsdale's Motion for Summary Judgment. Accordingly, this Honorable Court should grant the Motion pursuant to the terms of the proposed Order that accompanied the Motion. However, Scottsdale would like to address certain issues raised in the Opposition.

I.      THE POLICY HAS A CLEAR AND APPLICABLE ASSAULT AND/OR BATTERY EXCLUSION

Plaintiff's reliance on a 2006 insurance policy that is not at issue in this case to support its argument that the subject Policy is ambiguous is misplaced and disingenuous. (Pltf's Opposition at 10-11). The Policy relevant to this litigation was in effect from April 7, 2004 through April 7, 2005. (*See* Defendant's Motion for Summary Judgment, Exhibit A). Therefore, a subsequent policy, without more, is simply irrelevant. Plaintiff cannot look to the language of a policy generated one year after the Policy in question to fabricate a false ambiguity.

It is well established that "where insurance contract language is not ambiguous, summary judgment is appropriate because a written contract duly signed and executed speaks for itself and binds the parties without the necessity of extrinsic evidence." *Stevens v. United General Title Ins. Co.*, 801 A.2d 61 (D.C. 2002). The 2006 Policy is extrinsic evidence upon which Levelle cannot rely. *Id*. Moreover, Levelle can not possibly argue that it relied on the language of a policy that did not even exist at the time of the underlying incident. Finally, if plaintiff is suggesting that Scottsdale recognized there was a policy "ambiguity" after the events that gave rise to the underlying lawsuit, evidence of such a subsequent remedial measure would not be admissible.

Plaintiff's claim that the exclusion does not apply to the underlying Complaint also lacks merit. Contrary to Levelle's assertions, the Underlying Complaint in fact explicitly references negligent hiring, training and supervision:

> 57.  Defendants, as premises and business owners, owed a duty of care to their patrons to protect them against harm.
>
> 58.  Defendants breached this duty owed to Terrence Brown by inadequately staffing and supervising security personnel at the Reeves Center and Club U, despite the heightened foreseeability of violent criminal attacks by Club U patrons.
>
> 59.  Defendants further breached their duty of care owed to Terrance Brown when employees allowed patrons to enter Club U without being searched for weapons even after such patrons had set off Club U's metal detector upon walking through it. (See Complaint).

The Underlying Complaint clearly alleges Levelle's negligent hiring and supervision resulted in the stabbing death of Terrence Brown. *Id*. The Assault and/or Battery Exclusion clearly states that the insurance does not apply to the negligent employment, investigation or supervision of any person for whom any insured is or ever was legally responsible and whose conduct would be excluded by assault and/or battery committed by any insured or employee or insured or the

failure to suppress or prevent assault and/or battery by any insured or employee of insured. (See Defendant's Motion for Summary Judgment, Exhibit B).

Finally, with discovery closed, Levelle has proffered no evidence that Scottsdale fraudulently induced Levelle to act or otherwise breached any duty to Levelle. In its interrogatories, Scottsdale asked for all facts that supported Levelle's contention that "Scottsdale, through its employees and/or agents would be liable under alternative theories of recovery, including but not limited to breach of contract, breach of duty to procure proper and full coverage, failure to notify the insured, Levelle, Inc., of the lack of coverage, failure to comply with the expressed intent of its insured as to its insurance needs, fraud in the inducement, constructive fraud, equitable estoppel, negligence misrepresentation, and other errors and omissions." (See, Levelle's Answers to Interrogatories No. 22, 23, 23, 25, Exhibit A.) Levelle's answer only referred Scottsdale to ¶ 30 of its Complaint, which simply reiterates the allegations above and provides no factual support whatsoever. *Id*.; See also *Lujan v. National Wildlife Federation,* 497 U.S. 871, 110 S.Ct. 3177 (1990); *Sterling v. U.S.*, 826 F.Supp. 570 (D.D.C.1993). For Levelle to now rely on allegations that are totally baseless and unsupported by any evidence whatsoever in order to survive summary judgment is legally untenable. Therefore, plaintiff's claim must fail and Scottsdale's Motion for Summary Judgment should be granted.

II.   LEVELLE HAS FAILED TO IDENTIFY ANY EXPERT WITNESS AND, THEREFORE, ITS CLAIM MUST FAIL

Plaintiff avers that it does not need expert testimony to prove its case.[1]  Plaintiff cites no law or facts at all to support its theory that it may prove its case in the absence of expert testimony.

Plaintiff's initial premise in its Opposition is incorrect.  Courts have indeed held that expert testimony is required in matters other than legal or malpractice case.  *See Brisbin v. Washington Sports & Entertainment Co., Ltd.*, 422 F. Supp. 2d 9 (2006) (spectators failure to proffer an expert opinion to establish standard of care regarding maintenance, supervision and management of facility warranted granting summary judgment to owner and operator on claim for negligent crowd control); *Marshall v. D.C. Caribbean Carnival, Inc.*, F. Supp.2d 2004 WL 3257066 (D.C. 2004) (expert testimony on standard of care regarding organizing a festival is required). Additional examples of cases in the United States District Court for the District of Columbia include *Parker v. Grand Hyatt Hotel*, 124 F. Supp.2d 79, 89-90 (D.D.C. 2000)(summary judgment granted on negligent supervision count where plaintiff failed to provide expert testimony to establish standard of care for police and security training); *Fletcher v. District of Columbia*, 2005 WL 670676 (summary judgment granted on negligent infliction of emotional distress where plaintiff failed to provide expert testimony to establish standard of care with respect to the use of firearms); and *Robinson v. District of Columbia*, 2006 WL 2714913 (summary judgment granted where plaintiff failed to provide expert testimony to prove standard of care).

---

[1] Plaintiff's Attorney indeed recognized the need for expert testimony to prove plaintiff's claim.  Plaintiff's attorney in fact requested an extension to designate an expert, which the Court granted until March 29, 2007.  Plaintiff, however, never designated an expert.

20070913-NOG-8 (reply to pltf oppo to msj)            4

Furthermore, plaintiff's attempt to argue that in some instances expert testimony is not necessary where plaintiff establishes a lack of care by supporting evidence also fails. In this case, plaintiff alleged that Scottsdale breached the standard of care for an insurance business, a complex and heavily regulated industry not within the common knowledge of the average person. (See Complaint generally). Notwithstanding the complexity of plaintiff's allegations, Levelle has failed to offer <u>any</u> testimony whatsoever on the standard of care and/or any deviation from any such standard. There exists no credible or admissible evidence that Scottsdale breached the applicable standard of care for an insurance company pertaining to the identification, selection, classification and proper and reasonable content of insurance forms, documents, endorsements, declarations and exclusions comprising a liability insurance policy. There exists no testimony whatsoever to support plaintiff's allegation regarding the interpretation of the various insurance policy forms, including the effect and meaning of a Schedule of Forms and Endorsements and/or Exclusion forms. Remarkably, plaintiff offers neither expert evidence nor any evidence to prove its claims.

As argued in Scottsdale's Motion for Summary Judgment, the only evidence and testimony presented, which includes expert testimony, establishes that exclusion forms such as Assault & Battery Exclusion Forms, attached to a liability insurance policy and referenced in a policy's Schedule of Forms, need not contain the number of the policy, the endorsement effective date, the name of the insured, the name of the insurance broker or agent number or signature of an authorized representative of the insurance company to be a part of or applicable to a policy, to which made part of. (See Defendant's Motion for Summary Judgment, Exhibit D). Furthermore, the only expert testimony in this case establishes that Scottsdale adhered to the applicable standard of care. *Id.*

Levelle further makes claims that Scottsdale would be liable to Levelle for "wrongful actions of its employees and/or agents in soliciting and procuring the insurance business of Levelle, Inc."

Levelle also alleges "alternative theories of recovery, including but not limited to, fraud in the inducement, constructive fraud, breach of contract, equitable estoppel, breach of duty to procure and provide insurance coverage in conformance with the applicable laws, failure to notify an insured of coverage, and/or coverage change, and negligent misrepresentation of the policy of insurance." (Complaint, ¶30).  None of these allegations are supported by any expert testimony, let alone <u>any</u> evidence or testimony.  (See, Levelle's Answers to Interrogatories No. 22, 23, 23, 25, Exhibit A.)   Plaintiff's allegations are completely without support.

Levelle's allegations fit squarely within the District of Columbia's requirement for expert testimony.  Without an expert, Levelle cannot prove at least two of the essential elements in a negligence action: the relevant standard of care, and the defendant's deviation from these standards.  The inability to establish a standard of care for an issue beyond the ken of the average person is fatal to a lawsuit.  Here, Levelle has failed to do so, which is fatal to its case.  Without expert testimony, Levelle cannot establish negligence and its suit should be dismissed.

### III.  CONCLUSION

For the reasons stated above, and for the reasons stated in the Motion for Summary Judgment, and the Reply to the Opposition, Scottsdale requests that this Honorable Court enter an order of summary judgment in its favor on all issues against it in this matter.

Case 1:06-cv-01203-RCL    Document 23    Filed 09/13/2007    Page 7 of 7

        Respectfully submitted,

        CARR MALONEY P.C.


        _____//s//_____
        William J. Carter, # 329637
        Mariana D. Bravo, #473809
        1615 L Street, N.W., Suite 500
        Washington, D.C. 20036
        (202) 310-5500 (telephone)
        (202) 310-5555 (facsimile)


## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing Scottsdale Insurance Co.'s Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment was sent via electronic filing on this 13th day of September, 2007 to:

        Andrea M. Bagwell, Esquire
        Harmon, Wilmot & Brown, LLP
        1010 Vermont Avenue, N.W.
        Suite 810
        Washington, D.C. 20005


        _____//s//_____
        Mariana D. Bravo

20070913-NOG-8 (reply to pltf oppo to msj)      7