UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

LEVELLE, INC. d/b/a COACH & IV RESTAURANT,  :

      Plaintiffs,  :

        :

   v.  :        Case No.: 1:06cv1203

        :

SCOTTSDALE INSURANCE COMPANY,  :

      Defendant.  :

        :

_____  :

EXHIBIT
Williams
Senior    1
6/18/07

## PLAINTIFF LEVELLE, INC.'S SUPPLEMENTAL ANSWERS TO SCOTTSDALE INSURANCE COMPANY'S INTERROGATORIES TO PLAINTIFF

**TO:**      Scottsdale Insurance Company
c/o William J. Carter, Esquire
Mariana D. Bravo, Esquire
**Carr Maloney, P.C.**
1615 L Street, N.W., Suite 500
Washington, D.C. 20036
*Counsel for Defendant*

**FROM:**   Levelle, Inc. (t/a Coach IV Restaurant)
c/o Andrea M. Bagwell, Esquire
David W. Wilmot, Esquire
**Harmon, Wilmot & Brown, LLP**
1010 Vermont Avenue, N.W., Suite 810
Washington, D.C. 20005
*Counsel for Plaintiff*

Plaintiff, Levelle, Inc., by and through counsel, Andrea M. Bagwell, Esquire, and David W.

Wilmot, Esquire, Harmon, Wilmot & Brown, LLP, pursuant to the Federal Rules of Civil Procedure

("Rules") and in response to a letter from Defendant's counsel dated October 24, 2006 concerning

Defendant's objections to Plaintiff's answers to its interrogatories, hereby provides supplemental

answers the Defendant's interrogatories as follows:

LEVELLE, INC. v. SCOTTSDALE INSURANCE CO. LEVELLE'S SUPPLEMENTAL ANSWERS TO SCOTTSDALE'S ROGS.11.01.06

## PRELIMINARY STATEMENT

Plaintiff objects to each and every instruction and definition propounded by the Defendant insofar as those requirements are not provided for under the Federal Rules of Civil Procedure. Plaintiff submits that the language used in its answers does not purport to be the exact language of the executing party. The Plaintiff has conducted a diligent search and made reasonable inquiry in order to answer the interrogatories. However, the Plaintiff has not completed discovery in this action or the underlying action, and has not completed its preparation for any trial that might be held in this matter or the underlying action. Moreover, the proceedings in the underlying action (The Estate of Terrence Brown, through its personal representative Christine Brown; Civil Action No. 05-4499) is being held in abeyance by the D.C. Superior Court pending the completion of criminal proceedings against the individual charged with the murder of Terrence Brown, the decedent in the underlying action. Therefore, the Plaintiff's supplemental answers to these interrogatories are based upon information currently known to the Plaintiff and are given without prejudice to its right to supplement, add to, amend, or modify its answers to these interrogatories. Moreover, the Plaintiff reserves the right to make use of, or introduce at any hearing or at trial, facts not known to exist at the time of its submission of its answers, including, but not limited to, facts obtained in the course of discovery in this action or the underlying action.

## GENERAL OBJECTION

A.     Plaintiff objects to all definitions and instructions by Defendant which are in addition to or contravention of the Federal Rules of Civil Procedure.

B.     Plaintiff will not provide information which does not involve the subject matter of

2

the pending action, is irrelevant, exceeds the scope of permissible discovery, is confidential in nature, is not reasonably calculated to lead to the discovery of admissible evidence or for which providing a response would be oppressive or overly burdensome.

C.    Plaintiff will not provide information which: (i) reflects communication between Plaintiff and its attorneys; (ii) has been prepared in anticipation of litigation or trial; and/or (iii) is otherwise work-product prepared by or at the direction of the Plaintiff's attorneys.

D.    Plaintiff will not provide information where the burden of deriving, ascertaining, or securing the same is substantially the same for Defendant as Plaintiff.

E.    Plaintiff objects to certain Interrogatories inasmuch as the information sought is primarily in the custody and/or control of the Defendant.

F.    Levelle objects to the Interrogatories to the extent that they ask Levelle to identify "all" witnesses and documents upon which Levelle will rely upon in this action and/or to state "all" facts or legal contentions that Levelle will rely upon and assert in this action. Levelle has neither completed discovery in the underlying action nor yet obtain discovery from the Defendant in this action. Thus, any request to identify "all" materials that support Levelle's positions cannot be fully answered at this time. Levelle provides the responses herein based upon the information currently available to it. Levelle's provision of information in response to these Interrogatories to the extent required by the Rules is not and should not be construed as an admission that the information provided represents "all" potentially responsive information. Levelle reserves the right to amend, modify and supplement the objections and responses herein.

G.    Levelle objects to the Defendant's Interrogatories to the extent that they seek the mental impressions, conclusions, opinions, or legal theories of Levelle's counsel or other representatives of Levelle, which are absolutely privileged from disclosure under the rules. In

3

providing responses to these Interrogatories to the extent required under the Rules, Levelle, at its discretion, is not disclosing any such privileged information and does not waive or intend to waive, but rather intends to preserve and is preserving all applicable privileges and protections, including, without limitation, the attorney-client privilege and the work product rule.

H.   Levelle objects generally to each Interrogatory to the extent that it seeks any information the disclosure of which would violate the rights of privacy and other judicially recognized protections and privileges, confidentiality agreements or arrangements between Levelle and any third parties, or which would result in disclosure of confidential medical records, confidential trade secrets or proprietary information, materials prepared in anticipation of litigation, or confidential settlement discussions or conduct.

I.   These supplemental answers to the Defendant's Interrogatories are made without waiving or intending to waive, but to the contrary, intending to preserve and preserving:

1.   All objections to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceeding or trial of this or any other action; and

2.   The right to object to the use of any of these answers in any subsequent proceeding or in trial of this or any other action on any other grounds.

3.   All objections as to vagueness and ambiguity; and

4.   All rights to object on any ground to any further interrogatories or other discovery requests involving, or related to, any of the Interrogatories.

J.   Levelle incorporates the foregoing general objections into each and every objection and any responses to the Interrogatories. Levelle does not intend to waive, and is not waiving, any general objection in response to any specific Interrogatory.

## INTERROGATORIES

1.      State the names and addresses of each person who has knowledge or facts material to the allegations in the Complaint, and identify the subject matter and substance of each person's knowledge.

**ORIGINAL ANSWER: (a) Warren C. Williams, Jr.; Home Address: 9612 East Bex Hill Dr., Kensington, Maryland, 20815;** *Business Address***: 2000 14ᵗʰ Street, N.W., Washington, D.C. 20009; the subject matter and substance of Mr. Warren's knowledge consists of the information about the overall operation of the Plaintiff's establishment, the neighborhood where the establishment was located (at the Reeves Center), the security measures, practices, policies and procedures inside the Plaintiff's establishment, the common areas of the Reeves Center such as the atrium and the nearby vicinity outside the Reeves Center, security personnel matters, the operation of the establishment with respect to hours of operation, discussions and/or other communications with the MPD concerning security issues at the Reeves Center; observations he made and actions he undertook regarding unlawful and/or disorderly conduct of patrons, etc., inside and outside the Plaintiff's establishment including his observations and actions with respect to the incident on February 13, 2005 involving the stabbing and ensuing death of Terrence Brown, the decedent in the underlying action referenced in the Complaint; his findings and conclusions from his investigation of the facts and circumstances surrounding the incident on February 13, 2005 involving the stabbing and ensuing death of Terrence Brown; the role he played in the development of Levelle, Inc.'s Security/Corrective Action Plan of 2005**

and his assessment concerning the effectiveness of Levelle, Inc.'s security measures, policies, procedures and practices and the steps required to remedy any deficiencies in Levelle's security measures and practices.; information about the establishment's contracts and agreements with third parties; the procuring and purchasing of insurance coverage for Levelle, Inc.

(b) Paul D. Gwynn; *Home Address*: 9810 Hill Street, Kensington, Maryland, 20895; *Business Address:* 2000 14th Street, N.W., Washington, D.C. 20009; the subject matter and substance of Mr. Gwynn's knowledge consists of information about the overall operation of the Plaintiff's establishment, the neighborhood where the establishment was located (at the Reeves Center), security measures, practices, policies and procedures inside the Plaintiff's establishment, the common areas of the Reeves Center such as the atrium and the nearby vicinity outside the Reeves Center, security personnel matters, discussions and/or other communications with District representatives concerning security issues at the Reeves Center; and general information about the establishment's contracts and agreements with third parties.

(c) Warren C. Williams, Sr.; Home Address: 9003 Levelle Drive, Chevy Chase, Maryland 20815; *Business Address*: 2000 14th Street, N.W., Washington, D.C. 20009; the subject matter and substance of Mr. Warren's knowledge consists of the information about the overall operation of the Plaintiff's establishment, the neighborhood where the establishment was located (at the Reeves Center), the security measures, practices, policies and procedures inside the Plaintiff's establishment, the common areas of the Reeves Center

6

such as the atrium and the nearby vicinity outside the Reeves Center, security personnel matters, the operation of the establishment with respect to hours of operation, discussions and/or other communications with the MPD concerning security issues at the Reeves Center; discussions and/or other communications with District representatives concerning security issues at the Reeves Center; and general information about the establishment's contracts and agreements with third parties.

(d) Janet E. Johnson; Home Address: 1721 First Street, N.W., Washington, D.C. 20001; Business Address: 2000 14th Street, N.W., Washington, D.C. 20009; the subject matter and substance of her knowledge consists of information about the establishment's contracts and agreements with third parties, the procuring and purchasing of insurance coverage for Levelle, Inc., and recordkeeping.

(e) Trevor Hewick; Home Address: Not within Plaintiff's knowledge at this time; *Business Address:* 419 7th Street, N.W. , Suite 401, Washington, D.C. 20004; the subject matter and substance of Mr. Hewick's knowledge consists of the security measures, practices, policies and procedures inside the Plaintiff's establishment, the common areas of the Reeves Center such as the atrium and the nearby vicinity outside the Reeves Center, security personnel matters; the operation of the establishment with respect to hours of operation; communications with the MPD concerning security issues at the Reeves Center; the findings and conclusions from his investigation of the facts and circumstances surrounding the incident on February 13, 2005 involving the stabbing and ensuing death of Terrence Brown, the decedent in the underlying action referenced in the Complaint, and the role he

7

played in the development of Levelle, Inc.'s 2005 Corrective Action and Security Plan and his assessment concerning the effectiveness of Levelle, Inc.'s security measures, policies, procedures and practices and the steps required to remedy any deficiencies in Levelle's security measures and practices.

(f) Jimmy Lee Parker, II, former employee/security personnel of Levelle, Inc.;   Home Address: 1724 2nd Street, N.W., Washington, D.C. *(last known address)*; Business Address: Not within knowledge of the Plaintiff; the subject matter and substance of Mr. Parker's knowledge consists of the security measures, practices, policies and procedures inside the Plaintiff's establishment, the common areas of the Reeves Center such as the atrium and the nearby vicinity outside the Reeves Center, security personnel matters, the operation of the establishment with respect to hours of operation, discussions and/or other communications with the MPD concerning security issues at the Reeves Center; observations he made and actions he undertook regarding unlawful and/or disorderly conduct of patrons, etc., inside and outside the Plaintiff's establishment including his observations and actions with respect to the incident on February 13, 2005 involving the stabbing and ensuing death of Terrence Brown, the decedent in the underlying action referenced in the Complaint; the role he played in the development of Levelle, Inc.'s Security/Corrective Action Plan of 2005 and his assessment concerning the effectiveness of Levelle, Inc.'s security measures, policies, procedures and practices and the steps required to remedy any deficiencies in Levelle's security measures and practices.; information about the establishment's contracts and agreements with third parties; the procuring and purchasing of insurance coverage for Levelle, Inc.

8

(g) Tyrone (Tyrell) Pittman, former security personnel of Levelle, Inc.; *Home Address:* 1370 Rittenhouse Street, N.W., Washington, D.C. 20011; Business Address: Not within knowledge of Plaintiff; the subject matter and substance of Mr. Pittman's knowledge consists of the security measures, practices, policies and procedures inside the Plaintiff's establishment, the common areas of the Reeves Center such as the atrium and the nearby vicinity outside the Reeves Center, security personnel matters, the operation of the establishment with respect to hours of operation, discussions and/or other communications with the MPD concerning security issues at the Reeves Center; observations he made and actions he undertook regarding unlawful and/or disorderly conduct of patrons, etc., inside and outside the Plaintiff's establishment including his observations and actions with respect to the incident on February 13, 2005 involving the stabbing and ensuing death of Terrence Brown, the decedent in the underlying action referenced in the Complaint.

g) the Plaintiff's attorneys in this action; the subject matter and substance of their knowledge is privileged information and/or constitutes attorney work-product.

Levelle, Inc. specifically reserves the right to amend and/or supplement its Answer to this Interrogatory as additional facts are developed.

AMENDED AND/OR SUPPLEMENTAL ANSWER:

(c) Warren C. Williams, Sr.; the subject matter and substance of Mr. Williams', Sr. knowledge also consists of the procuring and purchasing of insurance coverage for Levelle,

Inc.

(d) Janet E. Johnson, was the person chiefly responsible for the procuring and purchasing of insurance coverage for Levelle, Inc.

(h) Cathi Bishop, Account Manager, Howard W. Phillips & Company; *Business Address:* Howard W. Phillips & Co., Inc., 2555 Pennsylvania Avenue, N.W., Washington, D.C. 20037-1675, 202- 331-9200 ; the subject matter and substance of Ms. Bishop's knowledge consists of HWP's communications by Levelle concerning its insurance coverage needs and the insurance coverage purchased through Scottsdale or Mt. Vernon Fire Insurance Co., receiving, reviewing Levelle's completed applications for insurance and clarifying information required on the application and sending renewal policies to Levelle.

(i) Jeff Greene, Executive Manager, Howard W. Phillips & Company; *Business Address:* Howard W. Phillips & Co., Inc., 2555 Pennsylvania Avenue, N.W., Washington, D.C. 20037-1675; 202- 331-9200; the subject matter and substance of Mr. Greene's knowledge consists of the HWP's communications with Levelle concerning its insurance coverage needs and the insurance coverage purchased through Scottsdale or Mt. Vernon Fire Insurance Co., receiving, reviewing Levelle's completed applications for insurance and clarifying information required on the application and sending renewal policies to Levelle.

(j) Larry Zuiker, Scottsdale Insurance Company; Mr. Zuiker has knowledge concerning the receipt of notice of insurance claims involving Levelle and denial of coverage for claims.

(k) Sue Martinez, Scottsdale Insurance Company; Ms. Martinez has knowledge concerning the receipt of notice of insurance claims involving Levelle and denial of coverage for claims.

(l) R. Max Williamson, President, Scottsdale Insurance Company; has knowledge concerning the drafting of insurance policies.

3.    If you contend that insurance policy number CPS0624508 ("the policy") covers the loss about which the complaint is made, set forth in detail the factual basis for your contention, as well as your analysis of the applicable policy provisions, identifying specifically each policy provision upon which you rely.

ORIGINAL ANSWER: The Plaintiff does contend that insurance policy number CPS0624508 ("the policy") covers the loss about which the complaint is made, and submits that the factual basis for its contention is sufficiently set forth in its Complaint against Defendant Scottsdale. Levelle objects to this Interrogatory to the extent that Defendant Scottsdale seek the mental impressions, conclusions, opinions, or legal theories of Levelle's counsel or other representatives of Levelle, which are absolutely privileged from disclosure under the Rules. Levelle, Inc. specifically reserves the right to amend and/or supplement its Answer to this Interrogatory as additional facts are developed during discovery in this case and/or the underlying action.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of its objections contained in its initial response to this Interrogatory, Levelle, in further response to the Interrogatory, contends that (1) Levelle specified on its completed insurance application dated 4/7/05-------------- submitted to Scottsdale through HWP for the 2004-05 policy period that it was seeking coverage for assault and battery; (2) the insurance policy in question contains confusing and ambiguous language, statements, and information and omission of

information concerning which of the many Endorsements attached to the policy form a part of the policy and to which coverage part each Endorsement applies; the pertinent confusing and ambiguous language and information include the following:

(A) The COMMON POLICY DECLARATIONS Page of the Policy states the following:

"Form(s) applicable to all Coverage Parts: See UTS- 2g(3/92)"

Form UTS – 2g (3/92) *is attached* ( towards end of Policy) and is designated as Endorsement No. 1. This Form contains the following Endorsement:

"IN CONSIDERATION OF AN ADDITIONAL PREMIUM OF $692, IT IS HEREBY UNDERSTOOD AND AGREED THAT THE POLICY HAS BEEN CORRECTED TO ADD TERRORISM FORMS IL0959 (11/02) AND CG2171 (11/02)

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED."

*The Endorsement reflects that it is" ATTACHED TO AND FORMING A PART OF POLICY NUMBER   CPS624508", "ENDORSEMENT EFFECTIVE (STANDARD TIME) IS 4/7/04, 1201 A.M., THAT THE INSURED IS "COACH & 1V RESTAURANT" AND THE AGENCY CODE IS "All Risks, Ltd 19001." The Endorsement is signed by an All Risks, Ltd. Authorized representative on 4/13/04.*

B.   The   COMMERCIAL   CRIME   COVERAGE   PART--SUPPLEMENTAL DECLARATIONS of the Policy, Form CCS-SD-1 (11-91), which is one page and states the Policy number of CPS624508 and effective date of 4/7/04. Near the bottom of the page there is a statement concerning applicable coverage forms as follows:

"Coverage form(s) forming part of this Coverage Part" - - "THEFT DISAPPEARANCE AND DESTRUCTION COVERAGE FORM C"

|  | Limit of Insurance |
|---|---|
| Money  - Inside the Premises - | $5,000 |
| Money – Outside the Premises - | $5,000 |

The Policy further contains the following statement: "Forms and Endorsements (other than applicable forms and endorsements shown elsewhere in the policy)"  and immediately in space below it STATES: "Forms and endorsements applying to this Coverage Part and made part of this policy at time of issue:" However, the pertinent space is left blank.

*At the end of the  "COMMERCIAL CRIME COVERAGE PART SUPPLEMENTAL*

*DECLARATIONS" page, it also states as follows"*

*"THIS SUPPLEMENTAL DECLARATIONS AND THE COMMERCIAL CRIME DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY."*

### C. The COMMERCIAL GENERAL LIABILITY COVERAGE PART - - SUPPLEMENTAL DECLARATIONS of the Policy, Form CLS-SD-1 (2-92), which is one page in length contains the following statements:

*It states at top of page:* "These Supplemental Declarations form a part of policy number CPS624508"

*It states at bottom of page:* "Forms and Endorsements (other than applicable forms and endorsements shown elsewhere in the policy)" and immediately in space below it STATES: "Forms and endorsements applying to this Coverage Part and made part of this policy at time of issue: SEE UTS-2g(3/92) – ATTACHED."

*At the end of the "COMMERCIAL GENERAL LIABILITY COVERAGE PART SUPPLEMENTAL DECLARATIONS" page, it states as follows"*

*"THIS SUPPLEMENTAL DECLARATIONS AND THE COMMERCIAL LIABILITY DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY."*

### D. The COMMERCIAL PROPERTY COVERAGE PART - -SUPPLEMENTAL DECLARATIONS of the Policy, FormCFS-SD-1 (11-91), is one page in length

*It states at bottom of page:* "Forms and Endorsements (other than applicable forms and endorsements shown elsewhere in the policy)" and immediately in the space below it states: "Forms and endorsements applying to this Coverage Part and made part of this policy at time of issue: Applicable To All Coverages: SEE UTS-2g(3/92) – ATTACHED."

*At the end of the "COMMERCIAL CRIME COVERAGE PART SUPPLEMENTAL DECLARATIONS" page, it states as follows"*

*"THIS SUPPLEMENTAL DECLARATIONS AND THE COMMERCIAL PROPERTY DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY."*

The 2004-05 Policy contains a "SCHEDULE OF FORMS AND ENDORSEMENTS" – Form UTS-SP-2 (12-95), but no where in the Policy does it state that the Forms and Endorsements listed on the Schedule form a part of the Policy. Furthermore, all pertinent boxes that should be completed on the Endorsement page to show that the Endorsement is a part of the policy is omitted on the ASSAULT AND/OR BATTERY EXCLUSION ENDORSEMENT, Form GLS-227s (4-00), and all the pertinent boxes except the box for agency code, which reflects the agency to be All Risks, Ltd., are blank on the page containing the TOTAL LIQUOR LIABILITY EXCLUSION ENDORSEMENT, Form GLS- 106s (5-93).

Lastly, the changes concerning related statements and information contained in Scottsdale's Insurance Policy that was issued to Levelle for the 2005-06 policy period supports Levelle's contention that the 2004-05 policy is confusing and ambiguous.

(3) Even assuming that the above statements contained in the Policy was not confusing and ambiguous and that the Assault and/or Battery and Total Liquor Liability Exclusion Endorsements were found by the Court to be a part of the policy, it is the Defendant's contention that Scottsdale, nevertheless, had a duty to defend it in the underlying lawsuit because: (a) the total liability exclusion is inapplicable to the lawsuit filed by the Estate of Terrence Brown in that there are no claims and allegations in the underlying Complaint involving the sale, distribution or use of liquor by anyone; (b) there are no assault and battery claims or allegations involving assault and battery, no allegations of failure to suppress or prevent and assault and/or battery, and no allegations of negligent employment, investigation, supervision, etc., involving the commission of an assault and battery or the failure to prevent or suppress an assault and/or battery in the underlying Complaint to conclude that the stabbing and ensuing death of (c) the allegations, namely, that Terrence Brown was stabbed and killed, in the underlying Complaint is insufficient to conclude that the incident was not the result of an accident, or negligence so as to require Scottsdale to defend Levelle in the lawsuit

Levelle is relying upon Section 1, Coverage A (Bodily Injury and Property Damage Liability), Paragraph (1)(a) and (1)(b); the language of the assault and/or battery exclusion and the language of the total liquor liability exclusion.

4.    Describe in detail Levelle's role in procuring and purchasing any and all insurance and insurance policies from Defendant Scottsdale, All Risks Limited, and/or Howard W. Phillips & Company for Levelle's businesses, properties, and automobiles. Identify specifically by name, address, and company name, who was involved in the purchase of such policies. Also include any documents upon which you rely.

ORIGIANAL ANSWER: The Plaintiff is still working on gathering the requested information

14

to the extent practicable and is not in a position to respond to this Interrogatory at this time except to state that Levelle, through its representative/employee, Janet Johnson, and Warren Williams, Jr.,  reviewed figures relating to Levelle's costs, sales and future projections, communicated with Cathi L. Bishop and Jeff Greene, Account Executives of Howard W. Phillips & Company and provided them with insurance coverage limits figures for General Commercial Liability coverage and liquor, crime, terrorism and spoilage coverage over a period of years.  Levelle's representatives also communicated with Defendant Scottsdale and All Risks Limited over a period of years concerning the procuring and/or purchasing of insurance policies.   To the best of Levelle's knowledge at this time, it received a renewal application for each upcoming insurance policy period from Howard W. Phillips & Company approximately 45 days before the expiration of the policy in effect.   The Plaintiff will supplement its Answer to this Interrogatory as soon as the information is available and/or as additional facts are developed during discovery in this case and/or the underlying action. Please see documents attached in Plaintiff's response to Defendant Scottsdale's Requests for Production of Documents Nos. 1, 2,  3, 7 and/or 15.

SUPPLEMENTAL ANSWER: (A) Mr. Williams', Sr., involvement in the procuring and purchasing of insurance coverage for Levelle, Inc., was more extensive than his son's, Warren Williams, Jr.; he usually provided Janet Johnson with the necessary information to complete applications for insurance, reviewed the applications for accuracy generally with particular attention given to the accuracy of annual sales figures and the insurance limits, signed the applications.   He also communicated occasionally with Howard W. Phillips & Company (HWP) over the years.

(B) Janet E. Johnson, was the person chiefly responsible for the procuring and

purchasing of insurance coverage for Levelle, Inc.  She was the person who completed the applications for insurance and, in most instances, reviewed the completed applications with Warren Williams, Sr. and/or Warren Williams, Jr., and made any changes that they requested.  After approval of the completed applications usually by Mr. Williams, Sr., Ms. Johnson would usually mail and/or fax the completed applications to Howard W. Phillips & Company (HWP).  Ms. Johnson acted as Levelle's liaison with  HWP and All Risks, Ltd.  As such, she usually communicated, mostly by telephone, with HWP whenever (1) there was any problem with any completed insurance applications that Levelle submitted to HWP; and (2) Levelle needed some clarification concerning any information on the applications.  Also, she was the person who usually received insurance quotes/proposal packages for insurance coverage for Levelle and maintained the insurance policies or renewal policies sent to Levelle by HWP, as well as correspondence and other documents sent to Levelle by HWP and All Risks, Ltd.

As a general rule, when the renewal date of a Scottsdale insurance policy or other insurance company's policy was approaching, Levelle would receive a letter from Cathi Bishop or Jeff Greene off HWP concerning renewal of the policy.  They would also receive blank insurance policy applications for them to complete and return to HWP.  The coverage would usually be based on the previous year's coverage with adjustments, if necessary, for current coverage needs.  The policies consisted of coverage for general liability/property/ crime and/or liquor liability. HWP would then provide Levelle with a renewal proposal package and costs for coverage.  Thereafter, Janet Johnson, who received the documents and information, would inform Warren Williams, Sr., about them and give him the documents/information for final approval.  Insurance premium payments were

sent to HWP. All of Levelle,'s insurance polices during the past few years were secured through HWP. Levelle is not aware of any communication, oral or in writing, that it had with any company concerning insurance coverage except HWP.

During the 2003-04 insurance policy renewal process, Janet Johnson spoke to Cathi Bishop by telephone and requested assault and battery coverage and was told at that time that it was not available. For the 2004-05 renewal policy period, Levelle requested coverage for assault and battery on its completed insurance policy application dated 1/16/04 that was submitted to HWP for forwarding to Scottsdale. Based on its review of Scottsdale's 2004-05 policy, Levelle believed that it had coverage for assault and/or battery.

5.    Describe in detail Levelle's role in directing, informing and/or advising Defendant Scottsdale, All Risks Limited, and/or Howard W. Phillips & Company about Plaintiff's insurance needs, including insurance for liquor liability and assault i.e., the type, amount, and dollar value of insurance and insurance policies Levelle wanted to purchase, the manner in which Levelle communicated its insurance coverage needs, including identifying any documentation, conversations, meetings and facts upon which Levelle relies to support this contention, as well as corresponding dates. Identify by name, address, and company name any persons involved.

ORIGINAL ANSWER: The Plaintiff is still working on gathering the requested information to the extent practicable and is not in a position to respond to this Interrogatory at this time except to state that Levelle communicated with Cathi L. Bishop and Jeff Greene, Account Executives of Howard W. Phillips & Company, and representatives of Defendant Scottsdale and All Risks Limited over a period of years. The Plaintiff will supplement its Answer to this Interrogatory as soon as the information is available and/or as additional facts are developed

during discovery in this case and/or the underlying action.

**SUPPLEMENTAL ANSWER:** Same as Plaintiff's Supplemental Response To Interrogatory No. 4. In addition, documents have already been provided to Scottsdale in Plaintiff's initial response to Scottsdale First Set of Request for Production of Documents that contain the information requested by this Interrogator, and supplemental documents containing responsive information are attached to Plaintiff's Supplemental Response To Defendant's First Set of Request for Production of Documents.

6.    Describe with particularity any and all communications between Levelle and Defendant Scottsdale, All Risks Limited, and/or Howard W. Phillips & Company concerning liquor liability coverage and/or assault and battery coverage, including dates, and the substance of any statements made.

**ORIGINAL ANSWER:** Plaintiff object to this Interrogatory to the extent that it seeks information concerning insurance coverage that is not relevant to the facts and circumstances of this case nor is reasonably calculated to lead to discoverable information. Without waiving its objection to this Interrogatory, the Plaintiff is working on gathering the requested information that is relevant to the extent practicable and is not in a position to respond to this Interrogatory at this time except to state that there was communication between Levelle and each company by fax, mail and/or telephone over a period of years. The Plaintiff will supplement its Answer to this Interrogatory as soon as the information is available and/or as additional facts are developed during discovery in this case and/or the underlying action.

**SUPPLEMENTAL ANSWER:** Subject to and without waiving any of its objections contained in its initial response to this Interrogatory, Levelle, in further response to the Interrogatory, refer Defendant to Plaintiff's Supplemental Response To Interrogatory No.

**4 and 5.  Levelle did not maintain a record of telephone communications with HWP, the only company, to the best of its knowledge, it communicated with by telephone during the past few years concerning insurance coverage and therefore is unable to provide dates of its communications.  Levelle is in the process of trying to obtain a record of its telephone calls during the past few years from the telephone company.**

8.      Describe in detail the substance and dates of any communications between Levelle, or anyone on its behalf, and Defendant Scottsdale, All Risks Limited, and/or Howard W. Phillips & Company regarding (a) the purchase of policy number CPS0624508 for Levelle's businesses and/or buildings, and (b) the purchase of liquor liability and/or assault and battery coverage for Levelle.

**ORIGINAL ANSWER: The Plaintiff is still working on gathering the requested information and will supplement its Answer to this Interrogatory as soon as the information is available.**

**SUPPLEMENTAL ANSWER: Same as Plaintiff's Supplemental Response To Interrogatory No. 6.**

9.      Please identify any other insurance policies obtained or held from 1988 through present by Levelle and/or any other restaurant or establishment selling liquor owned by Paul Gwynn, Warren Williams, Sr., and Warren Williams, Jr., which may have application to the underlying action including in your response the policy number, policy period, person insured, the type, date, duration and cost of the policy, from whom the policy was procured, and the carrier who issued such policies, other than those procured from Scottsdale.

**ORIGINAL ANSWER: Plaintiff object to this Interrogatory to the extent that it seeks information concerning insurance coverage that is not relevant to the facts and circumstances of this case nor is reasonably calculated to lead to discoverable information and/or seeks information that is of a proprietary nature.  Levelle, Inc. specifically reserves**

the right to amend and/or supplement its Answer to this Interrogatory as additional facts are developed during discovery in this case and/or the underlying action.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of its objections contained in its initial response to this Interrogatory, Levelle, in further response to the Interrogatory, refer Defendant to the liquor liability insurance policy issued by Mt. Vernon Fire Insurance to Levelle, Inc., for the period from 4/7/04 to 4/7/05 that is attached to the Plaintiff's Supplemental Response To the Defendant's Request for Production of Documents.

10.    Please state in detail and identify by date any and all written statements, correspondence, and documents between Plaintiff and Defendant Scottsdale, All Risks Limited, and/or Howard W. Phillips & Company with respect to the allegations in this lawsuit, including identifying by name and title any persons from Defendant Scottsdale, All Risks Limited, and/or Howard W. Phillips & Company with whom Levelle communicated and the substance of those communications.

ORIGINAL ANSWER: The Plaintiff is still working on gathering the requested information to the extent practicable and is not in a position to respond to this Interrogatory at this time except to state that there was communication between Levelle and each company by fax, mail and/or telephone over a period of years. The Plaintiff will supplement its Answer to this Interrogatory as soon as the information is available and/or as additional facts are developed during discovery in this case and/or the underlying action.

SUPPLEMENTAL ANSWER: Documents have already been provided to Scottsdale in Plaintiff's initial response to Scottsdale First Set of Request for Production of Documents that contain the information requested by this Interrogator, and supplemental documents

containing responsive information are attached to Plaintiff's Supplemental Response To

15.    Identify any specific legal or professional standards that you allege defendant failed to meet or follow in the course of the services described in the Complaint.

**ORIGINAL ANSWER: The Plaintiff submits that specific legal or professional standards that it alleges that the Defendant failed to meet or follow in the course of the services described in the Complaint is sufficiently set forth in its Complaint against Defendant Scottsdale. Levelle will, however, supplement its Answer to this Interrogatory as additional facts are developed during discovery in this case and/or the underlying action and after its legal research is completed.**

**SUPPLEMENTAL ANSWER: To the extent that the Defendant contends that the Assault and/or Battery Exclusion Endorsement formed a part of the policy that it issued to Levelle for the 2004-05 period (Policy No. CPS624508), the Plaintiff contends that the Defendant failed to provide Levelle with insurance coverage as specified in its completed insurance application for the 2004-05 policy period and never informed Levelle that it was not or could not provide assault and battery coverage.**

16.    State all facts upon which you rely to support your allegation in paragraph 5 of the Complaint that the "laws and regulations of the District of Columbia and its agencies or departments, entities such as Levelle, Inc. are required to have general liability insurance coverage as well as coverage for dram shop related liability."

**ORIGINAL ANSWER: The Plaintiff submits that the facts upon which it relies to support its allegation in paragraph 5 of the Complaint is sufficiently set forth in its Complaint against Defendant Scottsdale. Levelle is, however, willing to and will supplement its Answer to this Interrogatory as additional facts are developed during discovery in this case**

and/or the underlying action.  Levelle objects to this Interrogatory to the extent that Defendant Scottsdale seek the mental impressions, conclusions, opinions, or legal theories of Levelle's counsel or other representatives of Levelle, which are absolutely privileged from disclosure under the Rules.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of its objections contained in its initial response to this Interrogatory, the Plaintiff relies upon the District's dram shop laws and the District' s alcoholic beverage control statutes and regulations.

17.    State all facts upon which you rely to support your allegation in paragraph 6 of the Complaint that plaintiff requested "insurance which would be in compliance with the requirements of the District of Columbia liquor liability law".  Include in your answer the identity of the person making the request, the date of the request, to whom the request was made and the substance of the request.

ORIGINAL ANSWER:  The Plaintiff submits that the facts upon which it relies to support its allegation in paragraph 6 of the Complaint is sufficiently set forth in its Complaint against Defendant Scottsdale. Levelle is, however, willing to and will supplement its Answer to this Interrogatory as additional facts are developed during discovery in this case and/or the underlying action. Levelle objects to this Interrogatory to the extent that Defendant Scottsdale seek the mental impressions, conclusions, opinions, or legal theories of Levelle's counsel or other representatives of Levelle, which are absolutely privileged from disclosure under the Rules.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of its objections contained in its initial response to this Interrogatory, the Plaintiff relies upon the facts stated in its supplemental response to Interrogatory No. 3, 17 and 19.

18.    State all facts upon which you rely to support your allegation in paragraph 8 of the Complaint that defendant Scottsdale had a duty to defend Levelle, Inc. for any damages for bodily injury for which insurance coverage exists.

**ORIGINAL ANSWER:  The Plaintiff submits that the facts upon which it relies to support its allegation in paragraph 8 of the Complaint is sufficiently set forth in its Complaint against Defendant Scottsdale. Levelle is, however, willing to and will supplement its Answer to this Interrogatory as additional facts are developed during discovery in this case and/or the underlying action. Levelle objects to this Interrogatory to the extent that Defendant Scottsdale seek the mental impressions, conclusions, opinions, or legal theories of Levelle's counsel or other representatives of Levelle, which are absolutely privileged from disclosure under the Rules.**

**SUPPLEMENTAL ANSWER: Subject to and without waiving any of its objections contained in its initial response to this Interrogatory, the Plaintiff relies upon the facts stated in its supplemental response to Interrogatory No. 3, 17 and 19.**

19.    State all facts upon which you rely to support your allegation in paragraph 12 of the Complaint that the Scottsdale policy was to include dram shop liability.

**ANSWER: The Plaintiff submits that the facts upon which it relies to support its allegation in paragraph 12 of the Complaint is sufficiently set forth in its Complaint against Defendant Scottsdale.   Levelle is, however, willing to and will supplement its Answer to this Interrogatory as additional facts are developed during discovery in this case and/or the underlying action.  Levelle objects to this Interrogatory to the extent that Defendant Scottsdale seek the mental impressions, conclusions, opinions, or legal theories of Levelle's counsel or other representatives of Levelle, which are absolutely privileged from disclosure**

under the Rules.

**SUPPLEMENTAL ANSWER: Subject to and without waiving any of its objections contained in its initial response to this Interrogatory, the Plaintiff relies upon the facts stated in its supplemental response to Interrogatory No. 3, 17 and 19.**

20.    State all facts upon which you rely to support your allegation in paragraph 20 of the Complaint that the endorsements for the Total Liquor Liability Exclusion and the Total Assault and/or Battery Exclusion relied upon by Scottsdale are ambiguous and inapplicable.

**ORIGINAL ANSWER:  The Plaintiff submits that the facts upon which it relies to support its allegation in paragraph 20 of the Complaint is sufficiently set forth in its Complaint against Defendant Scottsdale.    Levelle is, however, willing to and will supplement its Answer to this Interrogatory as additional facts are developed during discovery in this case and/or the underlying action.  Levelle objects to this Interrogatory to the extent that Defendant Scottsdale seeks the mental impressions, conclusions, opinions, or legal theories of Levelle's counsel or other representatives of Levelle, which are absolutely privileged from disclosure under the Rules.**

**SUPPLEMENTAL ANSWER: Subject to and without waiving any of its objections contained in its initial response to this Interrogatory, please see the Plaintiff's supplemental response to Interrogatory No. 3.**

21.    State all facts upon which you rely to support your allegation in paragraph 28 of the Complaint that the Endorsement for the Total Liquor Liability Exclusion "violates public policy in the District of Columbia."

**ORIGINAL ANSWER:  The facts upon which the Plaintiff relies to support its allegation in paragraph 28 of the Complaint include, but is not limited to, the District's dram shop**

laws. Levelle reserved the right to amend and/or supplement its Answer to this Interrogatory as additional facts are developed during discovery in this case and/or the underlying action. Levelle objects to this Interrogatory to the extent that Defendant Scottsdale seek the mental impressions, conclusions, opinions, or legal theories of Levelle's counsel or other representatives of Levelle, which are absolutely privileged from disclosure under the Rules.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of its objections contained in its initial response to this Interrogatory, the Plaintiff relies upon the District's dram shop laws and the District's alcoholic beverage control statutes and regulations.

22.    State all facts upon which you rely to support your allegation in paragraph 30 of the Complaint that "Scottsdale would be liable to Levelle, Inc. on alternative theories of recovery, including, but not limited to, fraud in the inducement, constructive fraud, breach of contract, equitable estoppel, breach of duty to procure and provide insurance coverage in performance with applicable laws, failure to notify an insured of coverage and/or coverage charge, and negligent misrepresentation of the policy of insurance."

ORIGINAL ANSWER:  The Plaintiff submits that the facts upon which it relies to support its allegation in paragraph 30 of the Complaint is sufficiently set forth in its Complaint against Defendant Scottsdale.    Levelle is, however, willing to and will supplement its Answer to this Interrogatory as additional facts are developed during discovery in this case and/or the underlying action. Levelle objects to this Interrogatory to the extent that Defendant Scottsdale seek the mental impressions, conclusions, opinions, or legal theories of Levelle's counsel or other representatives of Levelle, which are absolutely privileged from disclosure under the Rules.

**SUPPLEMENTAL ANSWER: Subject to and without waiving any of its objections contained in its initial response to this Interrogatory, the Plaintiff relies upon the facts stated in its supplemental response to Interrogatory No. 3, 17 and 19.**

23.    State all facts upon which you rely to support your allegation in paragraph 32 of the Complaint that "Scottsdale, through its employees and/or agents, committed malpractice because of errors and omissions by them which induced Levelle, Inc. to purchase a policy of insurance from Scottsdale that was not in conformance with the express wishes of Levelle, Inc. or in conformance with the laws of the District of Columbia."

**ORIGINAL ANSWER: The Plaintiff submits that the facts upon which it relies to support its allegation in paragraph 32 of the Complaint is sufficiently set forth in its Complaint against Defendant Scottsdale.     Levelle is, however, willing to and will supplement its Answer to this Interrogatory as additional facts are developed during discovery in this case and/or the underlying action.    Levelle objects to this Interrogatory to the extent that Defendant Scottsdale seek the mental impressions, conclusions, opinions, or legal theories of Levelle's counsel or other representatives of Levelle, which are absolutely privileged from disclosure under the Rules.**

**SUPPLEMENTAL ANSWER: Subject to and without waiving any of its objections contained in its initial response to this Interrogatory, the Plaintiff relies upon the facts stated in its supplemental response to Interrogatory No. 3, 17 and 19.**

24.    State all facts upon which you rely to support your allegation in paragraph 33 of the Complaint that "Scottsdale, through its employees and/or agents would be liable under alternative theories of recovery, including but not limited to breach of contract, breach of duty to procure proper and full coverage, failure to notify the insured, Levelle, Inc., of the lack of

coverage, failure to comply with the expressed intent of its insured as to its insurance needs, fraud in the inducement, constructive fraud, equitable estoppel, negligence misrepresentation, and other errors and omissions."

**ORIGINAL ANSWER: The Plaintiff submits that the facts upon which it relies to support its allegation in paragraph 33 of the Complaint is sufficiently set forth in its Complaint against Defendant Scottsdale.    Levelle is, however, willing to and will supplement its Answer to this Interrogatory as additional facts are developed during discovery in this case and/or the underlying action.    Levelle objects to this Interrogatory to the extent that Defendant Scottsdale seek the mental impressions, conclusions, opinions, or legal theories of Levelle's counsel or other representatives of Levelle, which are absolutely privileged from disclosure under the Rules.**

**SUPPLEMENTAL ANSWER: Subject to and without waiving any of its objections contained in its initial response to this Interrogatory, the Plaintiff relies upon the facts stated in its supplemental response to Interrogatory No. 3, 17 and 19.**

25.    State each negligent act or omission that you contend was committed or omitted by this defendant, and state the facts that support your contentions, and identify those persons with personal knowledge of such facts.

**ORIGINAL ANSWER: The Plaintiff submits that the negligent act or omission that it contends was committed or omitted by the Defendant is set forth in its Complaint against Defendant Scottsdale to the extent practicable at this point in time. Levelle, Inc. reserves the right to amend and/or supplement its Answer to this Interrogatory as additional facts are developed during discovery in this case and/or the underlying action.**

**SUPPLEMENTAL ANSWER: Subject to and without waiving any of its objections**

contained in its initial response to this Interrogatory, the Plaintiff relies upon the facts stated in its supplemental response to Interrogatory No. 3, 17 and 19.    In addition to Warren Williams, Sr. and Janet Johnson, Cathi  Bishop of Howard W. Phillips and Company and unknown representatives of Scottsdale have personal knowledge of the pertinent facts.

Warren  C. Williams, Sr.

District of Columbia, ss:

I, **Warren C. Williams, Sr.,**  being first duly sworn on oath says that I have read the

foregoing **Plaintiff Levelle, Inc.'s Supplemental Answers To Defendant Scottsdale's**

**Insurance Company's Interrogatories to Plaintiff** and that the matters stated therein are

correct and true to the best of my knowledge, information and belief.

Subscribed and sworn to before me this _____ day of November, 2006.

NOTARY PUBLIC

MARIA A. WOOD
NOTARY PUBLIC
PRINCE GEORGE'S COUNTY
MARYLAND
My Commission Expires Oct. 1  2008

My Commission expires: _____

Respectfully submitted,

**HARMON, WILMOT & BROWN, LLP**

Andrea M. Bagwell, Esq., D.C. Bar #434943
David W. Wilmot, Esq., D.C. Bar #214833
1010 Vermont Avenue, N.W., Suite 810
Washington, D.C. 20005
(202) 783-9100
(202) 783-9103 (Fax)

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a that a true and correct copy of the foregoing *Plaintiff Levelle,*

*Inc.'s Supplemental Answers To Scottsdale Insurance Company's Interrogatories to Plaintiff*

was hand-delivered by Messenger Service on this 29th day of November, 2006 to:

William J. Carter, Esquire
Mariana D. Bravo, Esquire
**Carr Maloney, P.C.**
1615 L Street, N.W., Suite 500
Washington, D.C. 20036

Andrea M. Bagwell, Esq.

32