UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LEVELLE, INC., d/b/a COACH & IV, RESTAURANT, d/b/a CLUB U, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 06-1203 (RCL) |
| SCOTTSDALE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

This matter comes before the Court on defendant's Motion [17] for Summary Judgment. Upon consideration of defendants' motion, the opposition and reply thereto, the record herein, and the applicable law, the motion shall be GRANTED.

### I. BACKGROUND

In the action underlying this matter, plaintiff Levelle, Inc., a restaurant and night club owner doing business in the District of Columbia, was sued for survival and wrongful death as a result of a fatal stabbing of a patron of plaintiff's night club. The complaint in the underlying action alleges that plaintiff failed to supervise and train its employees and agents, and as a result negligently caused the fatal stabbing. (*See* Compl. ¶ 10.) The underlying complaint further alleges that plaintiff breached its duty of care to the decedent by inadequately staffing and supervising its security personnel. (*See id*.)

Defendant Scottsdale Insurance Company is incorporated in and is a citizen of Ohio. (Notice of Removal ¶ 5.) Defendant issued a general commercial liability policy (hereinafter

"policy") to plaintiff effective from April 7, 2004 through April 7, 2005, which encompasses the date of the stabbing incident. (*See* Compl. ¶¶ 7, 9.) Plaintiff brought this action seeking a declaration that defendant Scottsdale Insurance Company must defend and indemnify plaintiff under the terms of its policy.

Defendant contends that the policy contained an "Assault and/or Battery Exclusion" (hereinafter "exclusion") which provides:

> This insurance does not apply to "Injury," "Bodily Injury," "Property Damage" or "Personal and Advertising Injury" ("Personal Injury" or "Advertising Injury") arising from:
> 1. Assault and/or Batter committed by an insured, an employee of any insured, or any other person;
> 2. The failure to suppress or prevent Assault and/or Battery by any person in 1. above;
> 3. The negligent:
>    a. Employment;
>    b. Investigation;
>    c. Supervision;
>    d. Reporting to the proper authorities, or failure to so report; or
>    e. Retention
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1 or 2 above; or
> 4. The selling, serving or furnishing of alcoholic beverages.

(Def.'s Mot. Summ. J., Ex. B, Assault and/or Battery Exclusion.) Defendant moved for summary judgment on the grounds that the claims against plaintiff in the underlying action fall outside the policy's coverage because they amount to actions that are specifically exempted under the terms of the exclusion.[1] (*See* Def.'s Mot. Summ. J. 5.) Plaintiff argues that although the exclusion was

---

[1] Defendant in its Motion for Summary Judgment wholly relies on the terms of the Assault and/or Battery Exclusion to support its denial of coverage. Plaintiff argues in its opposition brief that the endorsements for that exclusion and a Total Liquor Liability Exclusion are ambiguous and thus inapplicable to the policy. Defendant does not rely, however, on the

attached to the policy, the policy is ambiguous as to whether the exclusion is applicable. (*See* Pl.'s Opp'n, Part V.) Defendant maintains that the exclusion applies to the policy and to the facts giving rise to plaintiff's claim, and that plaintiff has failed to identify an expert witness to provide testimony in support of its claims.

## II. ANALYSIS

### A. Legal Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper when the evidence in the record demonstrates that there are no disputed issues of material fact and that the moving party is entitled to judgment on the undisputed facts as a matter of law. FED. R. CIV. P. 56(c). A genuine issue of material fact exists if the evidence, when viewed in light most favorable to the non-moving party, "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party must provide more than "a scintilla of evidence" in support of its position; the quantum of evidence must be such that a jury could reasonably find for the moving party. *Id*. at 252. The burden is on the movant to make the initial showing of the absence of a genuine issue of material fact in dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is then entitled to a judgment as a matter of law if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

---

terms of the Total Liquor Liability Exclusion as a basis for summary judgment in this insurance coverage dispute. Instead, defendant claims that it is entitled to summary judgment because the Assault and/or Battery Exclusion independently provides for a complete denial of coverage. This Court therefore need not determine the applicability of the Total Liquor Liability Exclusion and instead will focus its attention on the effectiveness of the Assault and/or Battery Exclusion.

B.    **Applicability of the Assault and/or Battery Exclusion to the Coverage**

Before this Court can determine whether the Assault and/or Battery Exclusion applies to the facts and circumstances of the underlying wrongful death action, it must first determine whether the Assault and/or Battery Exclusion is part of the policy.  Plaintiff argues that the policy is ambiguous as to whether the exclusion is applicable to the policy.  (*See* Pl.'s Opp'n, Part V.)  As a general rule, "[e]ndorsements, riders, marginal references, and other similar writings are a part of the contract of insurance and are to be read and construed with the policy proper."  2 LEE R. RUSS IN CONSULTATION WITH THOMAS F. SEGALLA, COUCH ON INSURANCE § 21.21 (3d ed. 2007).  "However, in order to be part of the policy, an endorsement must be properly attached to the policy so as to indicate that it and the policy are parts of the same contract and must be construed together."  *Id*.

In the instant matter, plaintiff claims that the policy does not expressly specify that the endorsements for the Assault and/or Battery Exclusion and other exclusions are applicable to the insurance coverage.  (*See* Pl.'s Opp'n, Part V.)  However, the policy contains a Schedule of Forms and Endorsements (hereinafter "Schedule") that references plaintiff's policy number and clearly lists the exclusion.[2]  (*See* Def.'s Mot. Summ. J., Ex. A, Insurance Policy 9 [Docket # 17-2].)  Moreover, the exclusion was physically attached to the original policy forms making it even clearer that the exclusion was part of the insurance contract.  *See Nautilus Insurance Co. v. Our*

---

[2] Plaintiff acknowledges that the Schedule lists a number of forms and endorsements, including the Assault and/or Battery Exclusion, but plaintiff asserts that the Schedule does not specify which forms and endorsements apply to the coverage. (*See* Pl.'s Opp'n Part V.)  Having examined the Schedule, however, this Court sees no indication from the face of the document that any of the forms or endorsements listed *do not* apply to the policy.  Nor has plaintiff advanced that argument.

*Camp Inc.*, 136 Fed. Appx. 134, 137 n.1 (10th Cir. 2005) (finding that "[t]he exclusion's physical attachment to the policy further supports a conclusion that the exclusion is effective").

Plaintiff further argues that even though the exclusion was physically attached to the policy, there is ambiguity as to its effectiveness because it does not contain the number of the policy, the effective date, the name of the insured, or the name of the insurance agent, and because it is unsigned. (*See* Pl.'s Opp'n, Part V.)  This Court sees no such ambiguity here.  The exclusion was unequivocally listed on the Schedule of Forms and Endorsements and it was physically included with the policy.  Under these circumstances, the exclusion need not contain a signature and other identifying information to become part of the policy.  *See Turbo Trucking Co. v. Those Underwriters at Lloyd's London*, 776 F.2d 527, 529 (5th Cir. 1985) (holding that an endorsement containing no identifying language or signature was part of the policy where the endorsement was conspicuous, referred to in main policy, and was included with policy packet at the time of issuance to the insured).  As such, this Court concludes that the Assault and/or Battery Exclusion is part of the policy and therefore applies to plaintiff's coverage.

**B.    Applicability of the Assault and/or Battery Exclusion to the Events in the Underlying Action**

Having determined that the exclusion is part of the policy, this Court must next determine whether the exclusion applies to the facts and circumstances of the underlying wrongful death action.  Defendant claims that it is entitled to summary judgment since the allegations in the underlying complaint fall within the type of injury that is excluded from coverage. (*See* Def.'s Mot. Summ. J. 9.)  District of Columbia courts follow the so-called "eight-corners rule" with respect to insurance coverage disputes.  *See Stevens v. United General Title Ins. Co.*, 801 A.2d

61, 66 (D.C. 2002). Under that approach, "an insurer's duty to defend is determined by comparing the complaint . . . with the policy. If the facts alleged in the complaint . . . would give rise to liability under the policy if proven, the insurer must defend the insured." *Id*. at 66 n.4 (citation omitted).

The underlying complaint alleges that "[Levelle] breached [its] duty owed to Terrence Brown by inadequately staffing and supervising security personnel" and that Levelle further breached its duty "when employees allowed patrons to enter Club U without being searched for weapons."[3] (*See* Def.'s Mot. Summ. J. 9 (quoting Compl. ¶¶ 58–59).) The Assault and/or Battery Exclusion provides, *inter alia*, that there is no coverage for bodily injury arising from the negligent employment, investigation or supervision of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs 1 or 2. (*See* Def.'s Mot. Summ. J., Ex. B, Assault and/or Battery Exclusion.) Comparing the plain language of the exclusion to the allegations set forth in the underlying complaint, it is clear that those allegations fall squarely within the policy's exclusion. As such, defendant has no duty to defend or

---

[3] Plaintiff briefly argues that the exclusion is inapplicable because there is no allegation in the underlying complaint that the alleged negligent hiring, supervision and training of its employees that allegedly resulted in the fatal stabbing involved conduct of a person for whom plaintiff was legally responsible and whose conduct would be excluded by paragraphs 1 or 2 of the exclusion. (*See* Pl.'s Opp'n, Part V.) The underlying complaint, however, plainly alleges that plaintiff breached its duty of care owed to the stabbing victim by "inadequately staffing and supervising security personnel." (Compl. ¶ 58.) Moreover, plaintiff does not argue that it was not legally responsible for its security personnel or that the conduct of its security personnel is not otherwise excluded by paragraphs 1 or 2 of the exclusion.

Further, without offering any evidence or supporting legal authority, plaintiff makes the blanket assertion that the exclusion violates public policy in the District of Columbia. (*See* Pl.'s Opp'n, Part V.) This Court sees no merit whatsoever to this wholly unsupported claim.

indemnify Levelle in the underlying action.[4]

### C. Expert Witness Testimony

Defendant asserts that it is entitled to summary judgment due to plaintiff's failure to identify an expert witness who can testify as to the standard of care required of an insurance company under the circumstances of this matter. (*See* Def.'s Mot. Summ. J. 10–14.) Having found that the Assault and/or Battery Exclusion bars coverage under plaintiff's policy, this Court need not decide whether plaintiff's failure to identify an expert is fatal to plaintiff's claim.

### III. CONCLUSION

For the foregoing reasons, this Court will grant defendant's motion for summary judgment.

A separate order will issue this date.

Signed by Royce C. Lamberth, United States District Judge, March 27, 2008.

---

[4] Plaintiff argues in the alternative that if its claim is barred under the terms of the policy, defendant is otherwise liable to plaintiff because of alleged wrongful actions of defendant's employees and/or agents in soliciting and procuring the insurance contract. (*See* Pl.'s Opp'n, Part V.) According to plaintiff, defendant's employees and/or agents had full knowledge that plaintiff sold alcoholic beverages on its premises and despite that knowledge, defendant sold plaintiff an insurance policy which does not cover the events giving rise to the underlying wrongful death action. (*See id*.) As this Court has already stated above, defendant does not rely on the Total Liquor Liability Exclusion as a basis for its summary judgment motion. Instead, defendant successfully argues that coverage is independently barred under the terms of the Assault and/or Battery Exclusion. That exclusion absolves the insurer from any duty to defend or indemnify irrespective of whether alcoholic beverage sales are involved. Plaintiff's claims for fraudulent and negligent procurement are therefore rejected as moot. Moreover, even if this Court considered those claims, plaintiff has failed to demonstrate sufficient evidence that defendant fraudulently induced plaintiff to purchase the policy or that it breached any duty owed to plaintiff.